No. 04-385C
(Senior Judge Futey)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS &
NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0290
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

July 9, 2004

# Table of Contents


Page

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 1

I. Nature Of The Case . . . . . . . . . . . . . . . . . . 1

II. Issues Presented . . . . . . . . . . . . . . . . . . . 2

III. Statement Of Facts . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I. Plaintiff Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Entertain This Action . . . . . . . . . . . . . . . . . . . . . . 7

II. Plaintiff's Claim Should Be Dismissed For Failure To Plead And Prove Jurisdiction . . . . . . . . . . . . . . . . . . . . 8

III. Assuming That This Court Has Jurisdiction To Consider ISN's Claims, Summary Judgment Is Appropriate Here . . . . . . . . . . . . . . . . . . 14

IV. ISN Is Not Entitled To Payment Of State Tax Amounts Attributable To Its Fixed-Price Contracts . . . . . . . . . . . . . . . 15

V. Defendant Is Entitled To Summary Judgment Upon Plaintiff's Claim For Additional Profit Based Upon Increased Costs . . . . . . . . . . . . . . . . . . . . 19

Table of Contents (cont.)

Page

VI. ISN's PPA Claim Currently Is Pending In Another Case . . . . . . . . . . . . . . . . . 21

VII. ISN Is Not Entitled To PPA Interest . . . . . . . . . 23

VIII. Any Claim That Plaintiff May Have Is Barred By The Doctrine Of Laches . . . . . . . . . . 25

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 28

## Table of Cases

Page

Adams v. United States,
20 Cl. Ct. 132 (1990) . . . . . . . . . . . . . . . . . . . 8

A.C. Ball Co. v. United States,
209 Ct. Cl. 223, 531 F.2d 993 (1976) . . . . . . . . . . 16

Aero Spacelines, Inc. v. United States,
530 F.2d 324 (Ct. Cl. 1976) . . . . . . . . . . . . . . . 20

Aetna Casualty & Surety Co. v. United States,
228 Ct. Cl. 146, 655 F.2d 1047 (1981) . . . . . . . . . . 9

American Pacific Roofing Co. v. United States,
21 Cl. Ct. 265, 267 (1990) . . . . . . . . . . . . . . . . 7

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . 14

Atlas Corp. v. United States,
895 F.2d 745 (Fed. Cir.),
cert. denied, 498 U.S. 811 (1990) . . . . . . . . . . . . 18

Bromley Contracting Co. v. United States,
794 F.2d 669 (Fed. Cir. 1986) . . . . . . . . . . . . . . 19

Brundage v. United States,
205 Ct. Cl. 502, 504 F.2d 1382 (1974),
cert. denied, 421 U.S. 998 (1975) . . . . . . . . . . . . 26

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . 14

City of Cincinnati v. United States,
153 F.3d 1375 (Fed. Cir. 1998) . . . . . . . . . . . . . . 12

City of El Centro v. United States,
922 F.2d 816 (Fed. Cir. 1990) . . . . . . . . . . . . . . 11

CCM Corp. v. United States,
20 Cl. Ct. 649 (1990) . . . . . . . . . . . . . . . . . . 17

Table of Cases (cont.)

Page

Clark v. United States,
322 F.3d 1358 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . 10

Cornetta v. United States,
851 F.2d 1372 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . 27

Christianson v. Colt Industries Operating Corp.,
486 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . . 9

Cupey Bajo Nursing Home, Inc. v. United States,
23 Cl. Ct. 406 (1991) . . . . . . . . . . . . . . . . . . . . 8

C.W. Over & Sons, Inc. v. United States,
54 Fed. Cl. 514 (2002) . . . . . . . . . . . . . . . . . . . 18

Dalton v. Cessna Aircraft Co.,
98 F.3d 1298 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . 16

Denro Inc. v. United States,
19 Cl. Ct. 270 (1990) . . . . . . . . . . . . . . . . . . . 15

Dynalectron Corp. v. United States,
4 Cl. Ct. 424, aff'd,
758 F.2d 665 (Fed. Cir. 1984) (table) . . . . . . . . . . . 9

Eastport S.S. Corp. v. United States,
178 Ct. Cl. 599, 372 F.2d 1002 (1967) . . . . . . . . . . 10

Farmers Grain Co. of Esmond v. United States,
29 Fed. Cl. 684 (1993) . . . . . . . . . . . . . . . . . . . 7

Fidelity Construction Co. v. United States,
700 F.2d 1379, 1383 (Fed. Cir.),
cert. denied, 464 U.S. 826 (1983) . . . . . . . . . . . . . 9

Gibbs v. Buck,
307 U.S. 66 (1939) . . . . . . . . . . . . . . . . . . . . . 8

Girling Health Sys., Inc. v. United States,
949 F.2d 1145 (Fed. Cir. 1991) . . . . . . . . . . . . . . . 13

Table of Cases (cont.)

Page

Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986) . . . . . . . . . . . . . . 8

Information Sys. and Networks Corp. v. United States, 48 Fed. Cl. 265 (2000) . . . . . . . passim

ITT Arctic Services, Inc. v. United States, 207 Ct. Cl. 743, 524 F.2d 680 (1975) . . . . . . . . . . . . 18

Kanehl v. United States, 38 Fed. Cl. 89 (1997) . . . . . . . . . . . . . . . . . . 25

LaCoste v. United States, 9 Cl. Ct. 313 (1986) . . . . . . . . . . . . . . . . . . 26

Linda Newman Const. Co. v. United States, 48 Fed. Cl. 231 (2000) . . . . . . . . . . . . . . . . . . 16

Loral Corp. v. United States, 193 Ct. Cl. 473, 434 F.2d 1328 (1970) . . . . . . . . . . 16

McAfee v. United States, 46 Fed. Cl. 428 (2000) . . . . . . . . . . . . . . . . . 11

McNamara Construction, Ltd. v. United States, 206 Ct. Cl. 1 (1975) . . . . . . . . . . . . . . . . . . . 16

McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . 7

Medina Constr., Ltd. v. United States, 43 Fed. Cl. 537 (1999) . . . . . . . . . . . . . . . . . . 24

Mients v. United States, 50 Fed. Cl. 665 (2001) . . . . . . . . . . . . . . . . . . 12

Mingus Constructors, Inc. v. United States, 812 F.2d 1387 (Fed. Cir. 1987) . . . . . . . . . . . . 14

Nager Elec. Co. v. United States, 177 Ct. Cl. 234, 259, 368 F.2d 847, 864 (1966) . . . . . . 26

Table of Cases (cont.)

Page

Phaidin v. United States,
28 Fed. Cl. 231 (1993) . . . . . . . . . . . . . . . . . . . . 8

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 7-8

Sanders-Midwest, Inc. v. United States,
15 Cl. Ct. 345 (1988) . . . . . . . . . . . . . . . . . . . 19

S.E.R., Jobs for Progress, Inc. v. United States,
759 F.2d 1 (Fed. Cir. 1985) . . . . . . . . . . . . . . . 26-27

Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.,
833 F.2d 1560 (Fed. Cir. 1987) . . . . . . . . . . . . . . 14

Thomson v. Gaskill,
315 U.S. 442 (1942) . . . . . . . . . . . . . . . . . . . . . 7

Total Med. Mgmt., Inc. v. United States,
104 F.3d 1314 (Fed. Cir. 1997) . . . . . . . . . . . . . . 11

Trauma Serv. Group v. United States,
104 F.3d 1321 (Fed. Cir. 1997) . . . . . . . . . . . . . . 11

Travelers Indemnity Co. v. United States,
16 Cl. Ct. 142 (1988) . . . . . . . . . . . . . . . . . . . 27

United Construction Co. v. United States,
7 Cl. Ct. 47 (1984) . . . . . . . . . . . . . . . . . . . . 26

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983)
(en banc), cert. denied,
465 U.S. 1065 (1984) . . . . . . . . . . . . . . . . . . . . 10

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . 9

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . 9-10

Table of Cases (cont.)

Page

United States v. Sherwood, 312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . 9

United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . 9-10

UNR Industries, Inc. v. United States, 962 F.2d 1013 (Fed. Cir. 1992) (en banc), aff'd sub nom., Keene Corp. v. United States, 508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . . 9

Urban Data Systems, Inc. v. United States, 699 F.2d 1147 (Fed. Cir. 1983) . . . . . . . . . . . . . . 21

W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362 (Fed. Cir. 1988) . . . . . . . . . . . . . . 13

Zinger Construction Co. v. United States, 231 Ct. Cl. 926 (1982), cert. denied, 459 U.S. 1208 (1983) . . . . . . . . . . . 26

# Table of Authorities

Page

## Statutes

10 U.S.C. § 2306 . . . . . . . . . . . . . . . . . . . . 3,7,20

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . 9,10

31 U.S.C. § 3901 . . . . . . . . . . . . . . . . . . . . . . 2

31 U.S.C. § 3907(c) . . . . . . . . . . . . . . . . . . . . 24

## Regulations

48 C.F.R. § 16.202-1 . . . . . . . . . . . . . . . . . . . 17

48 C.F.R. § 31.102 . . . . . . . . . . . . . . . . . . . . 17-18

48 C.F.R. § 42.302 . . . . . . . . . . . . . . . . . . . . 19

48 C.F.R. § 52.232-25(a)(6)(iv) . . . . . . . . . . . . . . 24

## Misc.

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . 1,8,11

RCFC 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . 26

RCFC 56 . . . . . . . . . . . . . . . . . . . . . . . . . 1

RCFC 56(c) . . . . . . . . . . . . . . . . . . . . . . . 14

## Index to Appendix


Page

ISN's March 6, 2003 Motion in Limine regarding Fixed Price Contracts (Fed. Cl. No. 98-663C) . . . . . . . . 1

ISN's March 6, 2003 Motion In Limine regarding PPA Interest (Fed. Cl. No. 98-663C) . . . . . . . . . . . . 7

May 14, 2003 Order (Fed. Cl. No. 98-663C) . . . . . . . . . . 18

November 5, 2003 Trial transcript (Fed. Cl. No. 98-663C) . . . . . . . . . . . . . . . . . 20

ISN’s June 10, 2003 claim for state tax costs based upon fixed-price contracts (w/o exhibits) . . . . . . . 23

ISN’s June 11, 2003 claim for state tax costs based upon loss of profit on flexibly priced contracts . . . 29

August 12, 2003 letter from ACO requesting documentation of ISN’s claim for state tax costs for its fiscal years 1985-2000 based upon negotiated fixed-price contracts . . . . . . . . . . 34

August 12, 2003 letter from ACO requesting documentation of ISN’s claim for state tax costs for its fiscal years 1985-2000 based upon loss of profit on cost-reimbursement and time & materials contracts . . . . . . . . . . . . . . 36

December 16, 2003 letter from ACO notifying ISN that he would issue a decision on the two claims by March 6, 2003, and renewing his request for supporting documentation for ISN’s claims . . . . . . . . 37

January 20, 2004 letter from ISN providing list of all of ISN’s cost-plus-fixed-fee, time & materials, and fixed-price contracts . . . . . . . . . . 39

February 2, 2004 letter from ACO requesting additional supporting documentation for ISN’s claims . . . . . . . . . . . . . . . . . . . . . . . 63

February 5, 2004 letter from ISN informing ACO that ISN’s claims were not based upon any specific contract terms . . . . . . . . . . . . . . . . . . . 65

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-385C (Senior Judge Futey) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant, the United States, pursuant to RCFC 12(b)(1), respectfully requests that the Court dismiss plaintiff's complaint for lack of jurisdiction. In the alternative, pursuant to RCFC 56, defendant respectfully requests that the Court issue summary judgment in favor of defendant. In support of these motions, we rely upon the complaint, the following brief, and documents set forth in the attached appendix.

DEFENDANT'S BRIEF

STATEMENT OF THE CASE

I. Nature Of The Case

In Information Systems & Networks Corp. v. United States, 48 Fed. Cl. 265 (2000), this Court held that plaintiff Information Systems & Networks Corporation ("ISN"), an S corporation, was entitled to reimbursement of state income tax costs of its sole shareholder on the passed-through income she received from the corporation, to the extent ISN's passed-through income was attributable to flexibly-priced Government contracts. In this

action, ISN now attempts to expand this Court's decision in Fed. Cl. No. 98-663, to include reimbursement of state income tax costs of its sole shareholder on ISN's passed-through income attributable to negotiated fixed-priced Government contracts.

ISN also seeks lost profit allegedly resulting from the disallowance of state tax costs related to cost reimbursement and time and materials contracts. Complaint ¶ 1. Additionally, plaintiff seeks interest pursuant to the Prompt Payment Act ("PPA"), 31 U.S.C. § 3901, et. seq., for amounts defendant allegedly failed to pay on the state tax cost portion of ISN invoices. Complaint ¶ 23.

II. Issues Presented

1. Whether the Court lacks jurisdiction to consider ISN's claims because its complaint fails to identify a specific contract or contracts upon which its Contract Disputes Act ("CDA") claim is based.

2. Assuming for the sake of argument that the Court determines that it possesses jurisdiction to consider ISN's complaint, whether ISN is entitled to payment of state income tax paid by its sole shareholder on ISN's passed-through income attributable to negotiated fixed-priced Government contracts.

3. Whether award of additional profit to ISN on its flexibly-priced contracts would render those contracts to be

cost-plus-a-percentage-of-cost contracts, which expressly are prohibited by 10 U.S.C. § 2306.

4. Whether ISN is precluded from litigating its PPA claim in this case where the same claim currently is pending in another case, Fed. Cl. No. 98-663C.

5. Whether ISN's PPA claim should be rejected because the amounts now sought arise from an issue that was in dispute at the time invoices allegedly were submitted.

6. Whether plaintiff's claims are barred by the doctrine of laches, where the events upon which plaintiff bases its claims occurred almost 20 years before the complaint was filed.

III. Statement Of Facts

Prior to the November 2003 damages trial in Fed. Cl. No. 98-663C, ISN filed in that case a Motion in Limine To Allow Evidence On Reimbursement Of State Income Taxes Paid On Income Derived From Plaintiff’s Negotiated Fixed-Price Contracts. A 1. ISN requested that the Court allow it to litigate a claim for reimbursement to its sole shareholder of taxes paid on income derived from ISN’s negotiated fixed-price contracts. Id. In that motion, ISN asserted that “for purposes of claiming state tax cost reimbursement, the [negotiated] fixed-priced contracts are no different than the cost-reimbursement and time-and-materials contracts.” A 1-2.

ISN also submitted a motion in limine seeking to introduce at the upcoming damages trial evidence of its entitlement to PPA interest. A 7. Specifically, ISN's motion stated that it would "offer evidence that its invoices to defendant . . . were not paid in full because the defendant withheld a portion of the invoices which covered the state tax cost." A 7.

Pursuant to a pretrial conference held on May 13, 2003, the Court issued an order dated May 14, 2003, denying ISN's motion to submit evidence on reimbursement of state income taxes paid on income derived from ISN's negotiated fixed-price contracts. A 18. The Court granted ISN's motion to submit evidence on ISN's entitlement to PPA interest. Id.

On or about June 10, 2003, ISN submitted to the administrative contracting officer ("ACO") a "certified claim for state tax costs incurred for fiscal years 1985-2000 . . . based on revenue derived from negotiated fixed price contracts." A 23. The claim essentially was the same as the claim addressed in ISN's motion in limine, but included amounts for "loss of profit," and PPA and CDA interest. A 1-6, A 26.

On or about June 11, 2003, ISN submitted a "certified claim for state tax costs incurred for fiscal years 1985-2000 . . . based on loss of profit from cost reimbursement and time and materials contracts ('the Contracts')." A 29. ISN asserted that its damages in Fed. Cl. No. 98-663C, then scheduled for trial in

November 2003, included loss of profit on its cost reimbursement and time and materials contracts "due to the disallowance of State Income Tax costs." A 31. ISN also stated that "[t]he amounts of the allowable and agreed profit on the Contracts is directly dependent upon all of ISN's costs incurred on the Contracts, including general and administrative costs which would include State Tax costs." Id.

Therefore, according to ISN's claim, "if a particular contract includes State Tax costs, the amount of the profit is proportionately greater." A 31. ISN asserted that it was "submitting this CDA claim in the event the Government argues that the loss of profit claim is not properly before the Court because a CDA claim has not been filed." Id. Finally, ISN asserted that it was entitled to "both PPA and CDA interest on the loss of profit amounts." Id.[1]

On December 16, 2003, the ACO notified ISN that a decision would be issued on the claims by March 6, 2004. A 37. On March 3, 2004, the ACO issued a final decision denying ISN's claims for increased costs on negotiated fixed-price contracts and loss of profit on flexibly-priced contracts. Complaint Ex.

---

[1] ISN initially filed a complaint seeking review of its claims based upon an alleged deemed denial of the claims because the contracting officer had not issued a written decision within 60 days of receiving the claims. 41 U.S.C. § 605(c)(5); Information Systems & Networks Corp. v. United States, Fed. Cl. No. 03-2962C. ISN voluntarily dismissed its complaint pursuant to RCFC 41(a)(1) on December 4, 2003.

A. The ACO stated that he had no authority to re-price fixed-price contracts or decide any PPA interest claim that was pending before the Court of Federal Claims in Fed. Cl. No. 98-663C. Complaint Ex. A at 2-3. On March 11, 2004, ISN filed its complaint in this Court.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to consider ISN's claims. ISN's complaint does not contain well-pled allegations of the existence of an express contract, as ISN has failed to identify any fixed-price contract upon which its complaint is based. If ISN intends to predicate jurisdiction upon an express contract with the Government, ISN must allege a specific contract with the Government. This ISN has failed to do.

Assuming for the sake of argument that jurisdiction exists in this Court, summary judgment is appropriate because ISN is not entitled, as a matter of law, to payment of state income tax paid by its sole shareholder on ISN's passed-through income attributable to negotiated fixed-priced Government contracts. This Court's decision in Information Systems, 48 Fed. Cl. 265, concerned reimbursement of ISN's state tax costs on its passed-through income attributable to flexibly-priced Government contracts. It has no legitimate application entitling ISN to reimbursement of state tax costs on its fixed-price contracts.

Likewise, as a matter of law, ISN is not entitled to alleged additional profit upon its flexibly-priced contracts because such an award would render them cost-plus-a-percentage-of-cost contracts, which expressly are prohibited by 10 U.S.C. § 2306. Finally, ISN should not be permitted to litigate in this Court its PPA claim, as that claim currently is pending before this Court in Fed. Cl. No. 98-663. In the alternative, as a matter of law, ISN is not entitled to PPA interest for amounts the defendant allegedly failed to pay on the state tax cost portion of ISN invoices because any such costs were "in dispute."

## ARGUMENT

### I. Plaintiff Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Entertain This Action

Plaintiff bears the burden of establishing by preponderant evidence that the Court has jurisdiction to entertain this suit. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988); American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990). Where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442, 446 (1942); accord Farmers Grain Co. of Esmond v. United States, 29 Fed. Cl. 684, 686 (1993) (where motion "challenges the truth of the jurisdictional facts alleged in the complaint . . .

the court may consider relevant evidence in order to resolve the factual dispute").

Our motion pursuant to RCFC 12(b)(1) is directed toward the Court's jurisdiction and properly is styled a motion to dismiss, rather than a motion for summary judgment. Reynolds, 846 F.2d at 747; Cupey Bajo Nursing Home, Inc. v. United States, 23 Cl. Ct. 406, 411-12 (1991) (motion for summary judgment based upon lack of jurisdiction treated as motion to dismiss). In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990). If the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Gibbs v. Buck, 307 U.S. 66, 72 (1939).

The complaint here fails to offer a proper basis upon which this Court can assert its jurisdiction to entertain plaintiff's claims. Accordingly, this Court should dismiss the complaint for lack of subject matter jurisdiction.

## II. Plaintiff's Claim Should Be Dismissed For Failure To Plead And Prove Jurisdiction

Like its predecessors, the United States Court of Federal Claims is a court of limited jurisdiction. Phaidin v. United

States, 28 Fed. Cl. 231, 233 (1993); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. E.g., United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Congressional consent to suit in this Court, which thereby waives sovereign immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Moreover, "a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818 (1988); accord UNR Industries, Inc. v. United States, 962 F.2d 1013, 1022-23, 1025 (Fed. Cir. 1992) (en banc), aff'd sub nom., Keene Corp. v. United States, 508 U.S. 200 (1993).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). Pursuant to this statute, an

action may be maintained in this Court only if it is "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (1982).

This provision, however, does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, it merely confers jurisdiction upon the Court whenever the substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc), cert. denied, 465 U.S. 1065 (1984). Thus, a claimant must look beyond the Tucker Act in order to maintain a suit in the court. The claimant must identify a contract, constitutional provision, federal statute, or regulation which mandates the payment of money to the claimant. Mitchell, 445 U.S. at 538; Clark v. United States, 322 F.3d 1358, 1363 (Fed. Cir. 2003).

Application of these principles to this case demonstrates that plaintiff's complaint does not satisfy the requirements necessary to establish the Court's jurisdiction to entertain ISN's claims. As noted above, the Tucker Act empowers this Court to hear cases based "upon any express or implied contract with

the United States." A motion to dismiss pursuant to RCFC 12(b)(1) – directed at the Court's subject matter jurisdiction – remains appropriate even where plaintiff has alleged an express or implied contract, if plaintiff's complaint does not contain "well pleaded allegations of express or implied-in-fact contract." McAfee v. United States, 46 Fed. Cl. 428, 432 (2000) (citing Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

"A well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations going to each of the requisite elements of a contract." McAfee, 46 Fed. Cl. at 432. Here, other than plaintiff's bare allegations of the existence of an express contract, plaintiff's complaint fails to allege any of the requisite elements of a contract. Complaint ¶¶ 8-10.

The requirements to establish a binding contract with the United States, which are identical for both express and implied contracts, are "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States in contract." Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (citing City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir.

1990)); City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998).

Here, plaintiff has not alleged any specific facts to establish the existence of an express or implied contract. Instead, plaintiff alleges only generally that "the [United States] had entered into various contractual relationships with ISN depending upon its needs." Complaint ¶ 8. Plaintiff does not allege the date or dates of its contracts, whether the contracts were memorialized in writing, the identity of the Government representative who purportedly entered into the contracts upon behalf of the Government, whether the Government representative had authority to bind the Government, or any legal framework for the contracts.

A case on point is Mients v. United States, 50 Fed. Cl. 665, 671 (2001). In that case, the Court held that it lacked jurisdiction, stating:

> The complaint does not identify a contract with the Government that permits plaintiff to recover damages. Plaintiff's allegation that his claims are "Contractual," Compl. § 1, ¶ 1, is wholly insufficient to establish jurisdiction under the Tucker Act. If plaintiff intends to predicate Tucker Act jurisdiction on an express or implied contract with the Government, he must allege a specific contract with the Government.

50 Fed. Cl. at 671.

The Court in Mients held that it lacked jurisdiction, even though "records of the federal and state foreclosure proceedings

submitted by defendant reveal several loan contracts between plaintiff and the Government." Id.[2] The Court noted that it "cannot infer that plaintiff intended them to form the basis of his claims. The court's duty to scour the complaint for 'any possible basis on which the non-movant might prevail,' . . . does not mean that the court must adjudicate every possible cause of action that plaintiff might have pleaded." Id. (quoting W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362, 1364 (Fed. Cir. 1988)); see Girling Health Sys., Inc. v. United States, 949 F.2d 1145, 1147 (Fed. Cir. 1991) (Federal Circuit sustained dismissal for lack of jurisdiction because, among other things, "Girling made no allegation suggesting that the United States received the consideration necessary to form a binding contract").

Having failed to identify any specific contract or properly plead any specific elements of a contractual relationship with defendant, plaintiff's complaint should be dismissed for lack of jurisdiction.

---

[2] By letters dated August 12, and December 16, 2003, the ACO requested that ISN identify the specific contract(s) upon which its claims were based. A 34-36, 37. ISN responded by submitting to the ACO a list of all its contracts with the Government. A 39. ISN made no attempt to identify specific contracts that pertained to its individual claims. A 39-62. In its complaint here, ISN identifies no such contracts, a fact that is fatal to ISN's efforts to establish jurisdiction in this Court.

III. Assuming This Court Possesses Jurisdiction To Consider ISN's Claims, Summary Judgment Is Appropriate Here

Assuming for the sake of argument that this Court determines that it possesses jurisdiction to consider ISN's complaint, defendant is entitled to summary judgment upon each of the counts contained in ISN's complaint. Summary disposition is appropriate where there are no genuine disputes as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987); RCFC 56(c). Summary judgment is "a salutary method of disposition 'designed "to secure the just, speedy and inexpensive determination of every action."'" Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

As the court of appeals emphasized in Sweats Fashions: "the burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." 833 F.2d at 1563 (emphasis in original). Rather, "the burden on the moving party may be discharged by 'showing' — that is, pointing out to the [Court of Federal Claims] — that there is an absence of evidence to support the non-moving party's case." Id. (emphasis in original) (quoting Celotex Corp. v. Catrett, 477 U.S. at 325).

A "material fact" is one "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.

"[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. As we discuss below, the Government is entitled to summary judgment upon each of ISN's claims.

## IV. ISN Is Not Entitled To Payment Of State Tax Amounts Attributable To Its Fixed-Price Contracts

ISN seeks payment of state tax amounts attributable to its fixed-price contracts. The basis for its claim is this Court's decision in Information Systems & Networks Corp. v. United States, 48 Fed. Cl. 265 (2000). In its complaint, ISN asserts no other basis upon which relief can be granted other than the Court's decision.

This Court’s decision in Fed. Cl. No. 98-663C has no relevance to fixed-price contracts, whether negotiated or competitively bid. Indeed, the Court's decision expressly concerned only ISN's state tax cost claims made pursuant to ISN's flexibly-priced contracts. 48 Fed. Cl. at 266, 272. ISN's attempt to apply this Court's decision in Fed. Cl. No. 98-663C to its fixed-price contracts should be rejected.

The nature of fixed-price contracts likewise forecloses ISN any recovery here. As noted by the Court in Denro Inc. v. United States, 19 Cl. Ct. 270, 277 (1990), "[a]n essential quality of firm fixed price contracts is that the contractor assumes responsibility for his costs with the inevitable risk that

greater costs will be incurred and that a loss on the contract can result." (Quoting A.C. Ball Co. v. United States, 209 Ct. Cl. 223, 248-249, 531 F.2d 993 (1976) (citations omitted)); see McNamara Construction, Ltd. v. United States, 206 Ct. Cl. 1, 8, 509 F.2D 116, 1169 (1975)("the contractor in a fixed-price contract assumes the risk of unexpected costs").

"Because fixed-price contracts do not contain a method for varying the price of the contract in the event of unforeseen circumstances, they assign the risk to the contractor that the actual cost of performance will be higher than the price of the contract." Dalton v. Cessna Aircraft Co., 98 F.3d 1298, 1305 (Fed. Cir. 1996). By entering into firm-fixed-price contracts, ISN assumed the risk "that it would be forced to bear costs that it would not be able to recover." Linda Newman Const. Co. v. United States, 48 Fed. Cl. 231, 233 (2000). Specifically, ISN assumed the risk that costs not considered recoverable at the time of contract award, might, at some later date, become recoverable.

Under firm-fixed-price contracts, the agreed-upon price "remains fixed and it is not subject to further negotiation, unless otherwise provided in the contract." Loral Corp. v. United States, 193 Ct. Cl. 473, 434 F.2d 1328, 1330 (1970). ISN informed the ACO in a letter dated February 5, 2004, that its claim is not based upon any specific contract provisions. A 65-

66. Indeed, ISN admitted that there are no contract provisions entitling ISN to the amounts it currently seeks. Id.

The Federal Acquisition Regulation ("FAR") likewise supports a finding that, as a matter of law, ISN is not entitled to recovery here. For example, FAR 16.202-1 provides that a firm-fixed-price contract is not subject to price adjustment based on performance costs. 48 C.F.R. § 16.202-1; see CCM Corp. v. United States, 20 Cl. Ct. 649, 651 n.2 (1990) (contractor assumes "maximum risk and full responsibility for all costs and resulting profit or loss").

ISN's February 5, 2004 letter argues that "had state income tax costs been properly allowed in a timely manner, ISN would have taken into account the state income tax costs in negotiating the fixed-price contracts." A 66. Presumably, ISN is arguing that, had the Government allowed ISN to be reimbursed for its state tax costs, it would have negotiated its fixed-price contracts to include an amount for state tax costs.

ISN's argument ignores the fact that, pursuant to 48 C.F.R. § 31.102, the final contract price accepted by ISN and the Government reflects agreement upon the total price only. Application of cost principles to fixed-price contracts are not to be construed as a requirement to negotiate agreements on individual elements of cost in arriving at agreement on the total price. 48 C.F.R. § 31.102.

Specifically, section 31.102 of the FAR, entitled "Fixed-price contracts," states:

> The applicable subparts of Part 31 shall be used in the pricing of fixed-price contracts, subcontracts, and modifications to contracts and subcontracts whenever (a) cost analysis is performed, or (b) a fixed-price contract clause requires the determination or negotiation of costs. <u>However, application of cost principles to fixed-price contracts and subcontracts shall not be construed as a requirement to negotiate agreements on individual elements of cost in arriving at agreement on the total price. The final price accepted by the parties reflects agreement only on the total price.</u> Further, notwithstanding the mandatory use of cost principles, the objective will continue to be to negotiate prices that are fair and reasonable, cost and other factors considered.

48 C.F.R. § 31.102 (1985) (emphasis added).

ISN's argument that its indirect rate "should have been" higher carries no legal significance. By agreeing to fixed-price contracts, ISN agreed to absorb "all costs over the fixed price." <u>ITT Arctic Services, Inc. v. United States</u>, 207 Ct. Cl. 743, 765, 524 F.2d 680, 691 (1975). To the extent ISN's fixed-price contracts do not include its state tax costs, ISN assumed the risk of having to cover those costs itself.[3]

---

[3] ISN's complaint does not seek reformation based upon mutual or unilateral mistake. Assuming for the sake of argument ISN were to assert such a claim, ISN would not be entitled to reformation here. Mutual and unilateral mistake requires that the parties be mistaken as to "a fact." <u>Atlas Corp. v. United States</u>, 895 F.2d 745, 750 (Fed. Cir.), <u>cert</u>. <u>denied</u>, 498 U.S. 811 (1990); <u>C.W. Over & Sons, Inc. v. United States</u>, 54 Fed. Cl. 514, 525 (2002). Reformation based upon mutual or unilateral mistake

In addition, the ACO's final decision properly noted that his authority to issue decisions did not extend to the re-pricing of fixed-price contracts. Complaint Ex. A at 2. The contract administration functions that may be delegated by the contracting officer awarding the contract to an administrative contracting officer are set forth in 48 C.F.R. § 42.302. These functions do not include the authority to increase the price of a fixed-price contract based upon the contractor's cost experience on that contract, as sought by ISN here. 48 C.F.R. § 42.302.

V. Defendant Is Entitled To Summary Judgment Upon Plaintiff's Claim For Additional Profit Based Upon Increased Costs

As a matter of law, ISN is not entitled to payment of additional profit upon its flexibly-priced contracts. In its complaint, ISN argues that "if a particular contract includes State Tax costs, the amount of profit is proportionately greater." Complaint ¶ 18. In its claim submitted to the ACO, ISN states:

> The amounts of the allowable agreed profit on [its cost reimbursement and time and materials contracts] is directly dependent

is not granted for mistakes in judgment. Bromley Contracting Co. v. United States, 794 F.2d 669, 794 (Fed. Cir. 1986). Any presumed "mistake" here would concern proper interpretation and application of the FAR. Alleged misunderstanding about the proper application of the FAR represented a mistake in judgment, not a mistake in fact. See, e.g., Sanders-Midwest, Inc. v. United States, 15 Cl. Ct. 345, 352 (1988) ("Plaintiff erroneously assumed that the contract work was not subject to the sales tax in Arizona. Thus, the mistake herein was a mistake in judgment").

> upon all of ISN’s costs incurred on the Contracts, including general and administrative costs which would include State Tax costs. The agreed upon profit margin, for example, 10%, is then calculated against the total costs of a particular contract. Thus, if a particular contract includes State Tax costs, the amount of the profit is proportionately greater. If State Tax cost is disallowed as an allowable cost, then the amount of the profit is proportionately less.

A 31 (emphasis in original).

Thus, ISN argues that it is entitled to an increase in its fixed fee on its flexibly-priced contracts based upon its increased costs. In essence, ISN requests that this Court convert ISN's cost-reimbursement and time and materials contracts into cost-plus-a-percentage-of-cost ("CPPC") contracts.

The CPPC system of contracting is expressly prohibited by statute. 10 U.S.C. § 2306. Specifically, section 2306, entitled "Kinds of contracts," provides:

> (a) The cost-plus-a-percentage-of-cost system of contracting may not be used. Subject to the limitation in the preceding sentence, the other provisions of this section, and other applicable provisions of law, the head of an agency, in awarding contracts under this chapter after using procedures other than sealed-bid procedures, may enter into any kind of contract that he considers will promote the best interests of the United States.

10 U.S.C. § 2306 (emphasis added); see Aero Spacelines, Inc. v. United States, 208 Ct. Cl. 704, 761, 530 F.2d 324, 358 (1976)

("That act states flatly: 'The cost-plus-a-percentage- of-cost (CPPC) system of contraction [sic] may not be used'").

In Urban Data Systems, Inc. v. United States, 699 F.2d 1147, 1150 (Fed. Cir. 1983), the Federal Circuit provided the following framework for determining whether a contract was a prohibited CPPC contract:

> (1) payment is on a predetermined percentage rate; (2) the predetermined percentage rate is applied to actual performance costs; (3) the contractor's entitlement is uncertain at the time of contracting; and (4) the contractor's entitlement increases commensurately with increased performance costs.

ISN's claim seeks to implement exactly such a prohibited system. ISN's claim, if granted, would result in the reformation of its contract into a contract type not permitted by statute. Accordingly, as a matter of law, defendant is entitled to summary judgment upon this issue.

VI. ISN's PPA Claim Currently Is Pending In Another Case

ISN seeks an unspecified amount of damages for PPA interest. As we discuss below, ISN is precluded from bringing its PPA claim here because the same general claim currently is being litigated in Fed. Cl. No. 98-663C.

According to its complaint in this case, the basis of ISN's PPA claim is as follows:

> Pursuant to ISN's course of conduct, during FY 1985-2000, it submitted proper invoices containing or accompanied by substantiating

> documentation to the defendant. The defendant failed to pay and/withheld from the portion of the ISN invoice which consisted of state tax cost from the invoice.

Complaint ¶ 23.

Moreover, ISN states:

> All of the invoices submitted by ISN to the defendant during the period FY 1985-2000 applied to contracts for the procurement of property or services entered into for the benefit of the defendant.

Complaint ¶ 24.

ISN currently has pending in Fed. Cl. No. 98-663 the same general claim for PPA interest.[4] ISN presented its PPA claim during the November 2003 damages trial in that case. Before trial, ISN described its PPA claim in its March 12, 2003, Motion in Limine to Allow Evidence on Plaintiff's Entitlement to Prompt Payment Act Interest.[5] On page 5 of its memorandum in support of that motion, ISN described its PPA claim as having two components:

> First, invoices submitted by ISN to the defendant in 1985 and 1986 which were partially paid where the defendant withheld state tax cost amounts within compensation because DCAA considered state tax a personal

---

[4] ISN filed with the current action (Fed. Cl. No. 04-385C), a notice of related case stating that the current case is directly related to Fed. Cl. No. 98-663 because "it is based on the same or similar claims."

[5] Neither the Complaint nor the Amended Complaint in Fed. Cl. No. 98-663C mention any entitlement to payment pursuant to the Prompt Payment Act.

> expenditure in those invoices. Second, where ISN was required by the defendant to submit invoices which carved out the ISN state tax cost and therefore were less than what ISN would have normally invoiced.

A 13. ISN also described the second component of its PPA claim as involving its invoices "beginning in 1987."

In both this case and Fed. Cl. No. 98-663C, ISN used broad language to describe its PPA claim. ISN's PPA claim set forth in its complaint here is all-inclusive. It makes no distinction between requests for payment at issue in Fed. Cl. No. 98-663C and the requests for payment at issue in this case. Indeed, ISN's PPA claim here is based upon the assumption that the Court's decision in Fed. Cl. No. 98-663 entitles ISN to PPA interest on its fixed-price contracts and its lost profit claim. Because ISN's PPA claim already has been litigated in Fed. Cl. No. 98-663, ISN's attempt to raise that same claim in this case should be rejected.

VII. ISN Is Not Entitled To PPA Interest

Assuming for the sake of argument that ISN is not precluded from litigating its PPA claim here, this Court should deny ISN's claim as a matter of law. ISN's alleged entitlement to PPA interest is based upon its belief that the Government wrongfully

withheld or failed to pay that portion of its invoices that "consisted of state tax cost." Complaint ¶ 23.[6]

As to flexibly-priced contracts, section 3907(c) of title 31 of the United States Code expressly excludes "payment that is not made because of a dispute between the head of an agency and a business concern over the amount of payment or compliance with the contract." 31 U.S.C. § 3907(c); 48 C.F.R. § 52.232-25(a)(6)(iv) (1989); Medina Constr., Ltd. v. United States, 43 Fed. Cl. 537, 551 n14 (1999). Because plaintiff's entitlement to include corporate state income taxes as part of its G&A rate was and is in dispute, plaintiff simply is not entitled to PPA interest upon those portions of any alleged unpaid invoices representing corporate state income taxes.

Regarding ISN's fixed-price contracts, ISN likewise is not entitled to PPA interest. As we establish above, ISN is not entitled to reimbursement of state tax costs incurred on its fixed-price contracts. Because ISN is not entitled to such

---

[6] ISN informed the ACO that it could not provide documentation supported its PPA claim "at any time in the foreseeable future." A 66. While we dispute whether any such invoices related to fixed-price contracts actually exist, this dispute is not material for purposes of this motion as our brief is based upon the argument that, as a matter of law, ISN is not entitled to PPA interest on its fixed-price contracts.

payment, it likewise is not entitled to PPA interest on invoices that allegedly were submitted for such payment.[7]

Moreover, ISN, by its own admission, did not include in its contract price amounts related to its "state tax costs." Complaint ¶ 6. Assuming this to be true, ISN's invoices – submitted pursuant to its fixed-price contracts – would not have included state tax costs as part of the contracts' fixed-price amounts. As such, when the Government paid ISN's fixed-price contract invoices, there could not have been a "failure to pay" or withholding by the Government of state tax costs. Certainly the Government could not properly be said to have withheld payment for amounts not invoiced by ISN.

VIII. Any Claim That Plaintiff May Have Is Barred By The Doctrine Of Laches

Assuming for the sake of argument that plaintiff has asserted claims which this Court possesses jurisdiction to entertain, plaintiff's claims are barred by the doctrine of laches. Laches is an equitable defense that rests upon considerations of fairness. Kanehl v. United States, 38 Fed. Cl. 89, 105 (1997).

[7] To the extent ISN's claim for PPA interest is based upon this Court's decision in Information Systems, 48 Fed. Cl. 265, up until issuance of that decision, payment of state tax costs remained a "dispute." As discussed above, PPA interest is not payable upon those portions of unpaid invoices in dispute. See DPFUF 5.

Irrespective of compliance with the statute of limitations, unreasonable delay in filing a claim may serve as the basis for dismissal of a lawsuit under RCFC 12(b)(6) pursuant to the doctrine of laches. LaCoste v. United States, 9 Cl. Ct. 313 (1986)(citing United Construction Co. v. United States, 7 Cl. Ct. 47, 53 (1984); Zinger Construction Co. v. United States, 231 Ct. Cl. 926 (1982), cert. denied, 459 U.S. 1208 (1983); Nager Elec. Co. v. United States, 177 Ct. Cl. 234, 259, 368 F.2d 847, 864 (1966)). Otherwise, in circumstances such as this one, a plaintiff could extend the statute of limitations by unilaterally postponing the commencement of the process and, thereby, unjustly expose the United States to the endless possible threat of litigation. See, e.g., Nager Elec. Co., 177 Ct. Cl. at 259-60, 368 F.2d at 864. The doctrine is "based upon considerations of public policy, which require, for the peace of society, the discouragement of stale demands. It recognizes the need for speedy vindication or enforcement of rights, so that courts may arrive at safe conclusions as to the truth." S.E.R., Jobs for Progress, Inc. v. United States, 759 F.2d 1, 5 (Fed. Cir. 1985)(quoting Brundage v. United States, 205 Ct. Cl. 502, 505-06, 504 F.2d 1382, 1384 (1974), cert. denied, 421 U.S. 998 (1975)).

Laches exists when the following criteria are met: "(1) lack of diligence by the party against whom the defense is asserted; and (2) prejudice to the party asserting the defense."

S.E.R., Jobs for Progress, 759 F.2d at 4; Travelers Indemnity Co. v. United States, 16 Cl. Ct. 142, 156 (1988); see also Cornetta v. United States, 851 F.2d 1372, 1377-78 (Fed. Cir. 1988).

Plaintiff's delay in asserting its claims is inexcusable and unreasonable. See, e.g., Zinger Constr. Co., 231 Ct. Cl. at 928. ISN seeks to renegotiate contracts presumably entered into almost 20 years ago. Even if plaintiff's delay could be seen as not unreasonable, because of plaintiff's delay, the United States has suffered undue prejudice. See Cornetta, 851 F.2d at 1378 (recognizing two types of prejudice that result from delay in plaintiff's filing of its suit, defense prejudice and economic prejudice).

Undoubtedly, the memories of witnesses will have faded and records will have been lost. Attempting to locate witnesses who could attest to plaintiff's allegations or reconstruct records and other documentary evidence could prove close to, if not, impossible.[8] Thus, the Government's defense has been significantly prejudiced by ISN's delay in bringing its claims to this Court. ISN's claims, therefore, are barred by the doctrine of laches.

---

[8] FAR Subpart 4.8 requires contract files on contracts exceeding the simplified acquisition threshold be retained for 6 years and 3 months after final payment. 48 C.F.R. § 4.805.

CONCLUSION

For these reasons, defendant respectfully requests that the Court grant defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction, or, in the alternative, grant defendant's motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

July 9, 2004

CERTIFICATE OF FILING

I hereby certify that on July 9, 2004, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT" and "APPENDIX, VOLUME NO. ONE," "APPENDIX, VOLUME NO. TWO," "APPENDIX, VOLUME NO. THREE," and "APPENDIX, VOLUME NO. FOUR" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON