No. 04-385C
(Senior Judge Futey)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS &
NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# APPENDIX, VOLUME NO. TWO, DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0290
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

July 9, 2004

# Index to Appendix


| | Page |
|---|---|
| ISN's March 6, 2003 Motion in Limine regarding Fixed Price Contracts (Fed. Cl. No. 98-663C) . . . . . . . . | 1 |
| ISN's March 6, 2003 Motion In Limine regarding PPA Interest (Fed. Cl. No. 98-663C) . . . . . . . . . . . . | 7 |
| May 14, 2003 Order (Fed. Cl. No. 98-663C) . . . . . . . . . . | 18 |
| November 5, 2003 Trial transcript (Fed. Cl. No. 98-663C) . . . . . . . . . . . . . . . . . | 20 |
| ISN's June 10, 2003 claim for state tax costs based upon fixed-price contracts (w/o exhibits) . . . . . . . | 23 |
| ISN's June 11, 2003 claim for state tax costs based upon loss of profit on flexibly priced contracts . . . | 29 |
| August 12, 2003 letter from ACO requesting documentation of ISN's claim for state tax costs for its fiscal years 1985-2000 based upon negotiated fixed-price contracts . . . . . . . . . . | 34 |
| August 12, 2003 letter from ACO requesting documentation of ISN's claim for state tax costs for its fiscal years 1985-2000 based upon loss of profit on cost-reimbursement and time & materials contracts . . . . . . . . . . . . . | 36 |
| December 16, 2003 letter from ACO notifying ISN that he would issue a decision on the two claims by March 6, 2003, and renewing his request for supporting documentation for ISN's claims . . . . . . . | 37 |
| January 20, 2004 letter from ISN providing list of all of ISN's cost-plus-fixed-fee, time & materials, and fixed-price contracts . . . . . . . . . . | 39 |
| February 2, 2004 letter from ACO requesting additional supporting documentation for ISN's claims . . . . . . . . . . . . . . . . . . . . . . | 63 |
| February 5, 2004 letter from ISN informing ACO that ISN's claims were not based upon any specific contract terms . . . . . . . . . . . . . . . . | 65 |

SINGER & ASSOCIATES
*A Professional Corporation*

ATTORNEYS AT LAW
10411 MOTOR CITY DRIVE
SUITE 725
BETHESDA, MD 28017

TELEPHONE: (301) 469-0400
FASCIMILE: (301) 469-0403
EMAIL: NSINGER@ISNCORP.COM

VIRGINIA OFFICE
810A BULLS NECK ROAD
SUITE ONE
MCLEAN, VA 22102

June 10, 2003

VIA FEDERAL EXPRESS

Ms. Letitia M. Proctor
Administrative Contracting Officer
Defense Contract Management Agency
217 East Redwood Street, Suite 1800
Baltimore, MD 21202

Re: Contract Disputes Act Claim/State Tax Cost for FY1985-2000 Based on Negotiated Fixed-Price Contracts

Dear Ms. Proctor:

As General Counsel to Information Systems & Networks Corporation ("ISN"), and pursuant to Federal Acquisition Regulations ("FAR") § 52.233-1 and the Contracts Dispute Act of 1978, 41 U.S.C. § 601 et. seq. as amended ("CDA"), ISN respectfully submits the following certified claim for state tax costs incurred for fiscal years 1985-2000 ("the FY") based on revenue derived from negotiated fixed price contracts. Pursuant to the Opinion in the case of Information Systems & Networks Corporation v. United States, No. 98-663C, United States Court of Federal Claims ("the Case"), filed November 30, 2000 ("the Decision"), the Government is obligated to reimburse ISN for the necessary expenditure ISN makes and has made to ensure the payment of its incurred State Income Taxes by its stockholder on ISN revenue. The Decision resulted from the Contracting Officer's denial of ISN's claim for reimbursement of State Income Taxes paid on income derived from Government cost-reimbursement and time-and-materials contracts. Holding in favor of ISN, the Court concluded that State Tax expenditures incurred by ISN on its business activities related to its cost-reimbursement contracts, including time-and-materials contracts, with the Government, were reimbursable under the applicable FAR. The Decision resulted from cross-motions for summary judgment by ISN and the Government on liability. ISN did not raise its claim that State Tax cost incurred on revenue from negotiated fixed-price contracts should also be reimbursable by the Government.

ISN claims that its entitlement to State Tax cost reimbursement should include State Tax costs on revenue derived from negotiated fixed-price contracts. In fact, ISN claims that there is no difference between a negotiated Government fixed-price contract and a cost-reimbursable or time-and-materials contract.

I. Historical Background

In 1995 ISN filed a certified claim under the CDA for reimbursement by the Government of State Taxes paid by its stockholder for FY 1985-1991. Thereafter, there were a series of meetings and discussions between ISN and the Government on this subject. On April 16, 1998, a Final Decision was rendered by the Administrative Contracting Officer settling the issue and controversy with respect to State Income Taxes, denying to ISN reimbursement by the Government of State Income Taxes paid by its stockholder, treating these costs as unallowable, unallocable, and unreasonable claimed costs. As a result, ISN filed a case styled Information Systems & Networks Corporation v. United States, Case No. 98-663C in the United States Court of Federal Claims (previously "the Case"), in part, asking for Declaratory Judgment from the Court that payment of State Income Tax by its sole stockholder on behalf of ISN, a Subchapter S Corporation, is a reimbursable, allowable cost under the FAR in that such payment should be allowed to be included in ISN's indirect rate cost pool for the contracts performed by ISN for the United States Government. On Cross Motions for Summary Judgment on the issue of liability only, the Decision of the Court filed on November 30, 2000 (the "Decision") awarded ISN reimbursement of State Taxes paid to its stockholder. The Court determined that it had jurisdiction for taxes paid in FY1985-1991.

Pursuant to the Decision, ISN then filed a Motion for Summary Judgment on Damages on November 15, 2001 in the Case. In that Motion, ISN argued inter alia, that the Court should exercise jurisdiction over ISN's State Tax reimbursement claim for FY1992-2000 as well because the decision on ISN's relief from the Complaint in the case established ISN's entitlement to reimbursement of State Tax costs for those years. ISN requested the Court to frame the final judgment consistent with the Decision to include FY1992-2000. The Court then denied ISN's Motion for Summary Judgment, in part, holding that it would not consider ISN's damage claim for FY1992-2000 because ISN had not filed a certified claim for those years under the CDA.

On July 1, 2002, ISN filed a CDA claim for FY1992-2000. Subsequently, when the Contracting Officer did not issue a Final Decision on that claim, ISN filed a Motion to Amend its Complaint in the Case to add its State Tax cost claim for FY1992-2000.

The Court granted ISN's Motion. ISN then filed an Amended Complaint including its damages for FY1992-2000.

II. ISN's Claim

On March 6, 2003, ISN filed a Motion in Limine to Allow Evidence On Reimbursement of State Income Taxes Paid on Income Derived from Plaintiff's Negotiated Fixed-Priced Contracts (the "Motion"). In the supporting Memorandum to the Motion, ISN argued that during the 16 years in question, the Government had entered into various contractual relationships with ISN depending upon its needs. ISN argued that with respect to flexibly priced contracts, the Government entered into cost reimbursement, time-and-materials and various negotiated fixed-price contracts. ISN pointed out that in connection with the negotiated fixed-price contracts, ISN was required to submit costs and pricing data to the Government which was then reviewed for adequacy and reasonableness. This cost and pricing data included ISN's indirect cost rates. The DCAA would uniformly disallow the indirect cost rate which included the State Tax cost in the negotiated firm fixed-price contract. Thus, the revenue from the negotiated fixed-price contracts, while creating a State Tax liability to the ISN stockholder, was not subsidized by the negotiated-fixed price contract revenue. Thus, ISN concluded that it was entitled to claim State Tax cost reimbursement on the firm fixed-price contract revenue and that such a claim was reasonable and identical to its claim under the cost reimbursement and time-and-materials contracts. The Motion requested the Court to allow ISN to present evidence on the revenue and State Tax costs incurred derived from the negotiated firm fixed-price contracts.

On May 13, 2003, the Pre-Trial Conference in the Case was held. At that time, the Court denied the Motion. In denying the Motion, the Court found that the issue of ISN's entitlement to State Tax cost on negotiated fixed-price contract revenue was not a part of ISN's damage case in the Case because it had not been raised in its original CDA claim (or amended CDA claim regarding FY1992-2000). In the Response to the Motion, the Government, had argued that ISN had not raised the issue of entitlement to State taxes paid on income derived from ISN's negotiated fixed-price contracts and therefore the Court had no jurisdiction over such a claim. The Court agreed with the Government's position.

III. The Damage Claim Based On Negotiated Fixed-Price Contracts

Attached to this claim letter are the various calculations of ISN's state tax cost connected with revenue derived from its negotiated fixed-price contracts as certified by its President and CEO. Exhibits A and B are ISN's cash basis State Tax reimbursement claim related to revenue derived from negotiable fixed-price contracts for FY1985-1991 (Exhibit A) and FY1992-1999 (Exhibit B). Also attached as Exhibits C and D are ISN's accrual-based State Tax claim on revenue derived solely from negotiated fixed-price contracts for FY1985-1991 (Exhibit C) and FY1992-1999 (Exhibit D). In addition, ISN claims state tax costs on its loss of profit from negotiated fixed-price contracts as a result of State Tax costs being disallowed.

On a cash basis claim, ISN claims State Tax cost for FY1985-91 of at least $1,836,011 (without loss of profit) and at least $3,409,271 (with loss of profit); for FY1992-2000, ISN claims $1,114,990 (without loss of profit) and $2,159,202 (with loss of profit). Thus, the total cash basis claim is $2,951,001 (without loss of profit) and $5,568,473 (with loss of profit).

On an accrual based claim, ISN claims state tax cost for FY1985-91 of $3,533,122 (without loss of profit) and $5,224,850 (with loss of profit); for FY 1992-2000, ISN claims $1,291,333 (without loss of profit) and $2,318,587 (with loss of profit). Thus, the total accrual based claim is $4,824,455 (without loss of profit) and $7,543,437 (with loss of profit).

All of these claimed amounts include Prompt Payment Act ("PPA") and CDA interest as of the date of this claim letter. ISN claims entitlement to state PPA and CDA interest on its state tax cost amounts.

IV. Conclusion

Pursuant to the CDA, ISN is requesting that as cognizant CO, you issue a decision in writing and mail or otherwise furnish a copy of the decision to ISN. The decision shall state the reasons for the decision reached, and shall inform ISN of its rights as provided under the CDA. Specific findings of fact are not required, but if made, shall not be binding in any subsequent proceeding.

SINGER & ASSOCIATES
*A Professional Corporation*



V. Claim Certification

See attached.

Very sincerely yours,

Norman H. Singer, Esq.

Attachments

NHS/mdt

Claim Certification

I, Roma Malkani, President & CEO of Information Systems & Networks Corporation ("ISN") hereby provide the following Certification as required by 41 U.S.C. § 605 (c)(1)(1994):

1. I am the authorized representative of ISN; I am familiar with ISN's book and records of account and with ISN's State Tax Reimbursement claim for FY1985-2000.

2. I hereby certify that ISN's claim as set forth in its General Counsel's letter of June 10, 2003, to which this Claim Certification is attached and Exhibit A, B, C and D attached to this Certification, are made in good faith; that ISN's supporting data are accurate and complete to the best of my knowledge and belief; that the amounts requested accurately reflects ISN's entitlement to State Tax Reimbursement cost paid to its stockholder for FY1985-2000 based on negotiated fixed-price contract revenue for which ISN believes the Government is liable either under the Decision of the United States Court of Federal Claims dated November 30, 2000 and as a matter of law.

3. I am duly authorized to certify the claim on behalf of ISN.

Under the Penalty of Perjury
Dated: June 10, 2003

RMalkani.
Roma Malkani
President & CEO

SINGER & ASSOCIATES
*A Professional Corporation*

ATTORNEYS AT LAW
10411 MOTOR CITY DRIVE
SUITE 725
BETHESDA, MD 28017

TELEPHONE: (301) 469-0400
FASCIMILE: (301) 469-0403
EMAIL: NSINGER@ISNCORP.COM

VIRGINIA OFFICE
810A BULLS NECK ROAD
SUITE ONE
MCLEAN, VA 22102

June 11, 2003

VIA FEDERAL EXPRESS

Ms. Letitia M. Proctor
Administrative Contracting Officer
Defense Contract Management Agency
217 East Redwood Street, Suite 1800
Baltimore, MD 21202

Re: Contract Disputes Act Claim/State Tax Cost for FY1985-2000
Loss of Profit Claim

Dear Ms. Proctor:

As General Counsel to Information Systems & Networks Corporation ("ISN"), and pursuant to Federal Acquisition Regulations ("FAR") § 52.233-1 and the Contracts Dispute Act of 1978, 41 U.S.C. § 601 et. seq. as amended ("CDA"), ISN respectfully submits the following certified claim for state tax costs incurred for fiscal years 1985-2000 ("the FY") based on loss of profit from cost reimbursement and time and materials contracts ("the Contracts"). Pursuant to the Opinion in the case of Information Systems & Networks Corporation v. United States, No. 98-663C, United States Court of Federal Claims ("the Case"), filed November 30, 2000 ("the Decision"), the Government is obligated to reimburse ISN for the necessary expenditure ISN makes and has made to ensure the payment of its incurred State Income Taxes by its stockholder on ISN revenue. The Decision resulted from the Contracting Officer's denial of ISN's claim for reimbursement of State Income Taxes paid on income derived from Government cost-reimbursement and time-and-materials contracts. Holding in favor of ISN, the Court concluded that State Tax expenditures incurred by ISN on its business activities related to its cost-reimbursement contracts, including time-and-materials contracts, with the Government, were reimbursable under the applicable FAR. The Decision resulted from cross-motions for summary judgment by ISN and the Government on liability.

ISN claims that its entitlement to State Tax cost reimbursement should include its loss of profit on the Contracts due to the disallowance of State Tax cost which caused a reduction in the amount of profit on the Contracts.

## I. Historical Background

In 1995 ISN filed a certified claim under the CDA for reimbursement by the Government of State Taxes paid by its stockholder for FY 1985-1991. Thereafter, there were a series of meetings and discussions between ISN and the Government on this subject. On April 16, 1998, a Final Decision was rendered by the Administrative Contracting Officer settling the issue and controversy with respect to State Income Taxes, denying to ISN reimbursement by the Government of State Income Taxes paid by its stockholder, treating these costs as unallowable, unallocable, and unreasonable claimed costs. As a result, ISN filed a case styled Information Systems & Networks Corporation v. United States, Case No. 98-663C in the United States Court of Federal Claims (previously "the Case"), in part, asking for Declaratory Judgment from the Court that payment of State Income Tax by its sole stockholder on behalf of ISN, a Subchapter S Corporation, is a reimbursable, allowable cost under the FAR in that such payment should be allowed to be included in ISN's indirect rate cost pool for the contracts performed by ISN for the United States Government. On Cross Motions for Summary Judgment on the issue of liability only, the Decision of the Court filed on November 30, 2000 (the "Decision") awarded ISN reimbursement of State Taxes paid to its stockholder. The Court determined that it had jurisdiction for taxes paid in FY1985-1991.

Pursuant to the Decision, ISN then filed a Motion for Summary Judgment on Damages on November 15, 2001 in the Case. In that Motion, ISN argued inter alia, that the Court should exercise jurisdiction over ISN's State Tax reimbursement claim for FY1992-2000 as well because the Decision on ISN's relief from the Complaint in the case established ISN's entitlement to reimbursement of State Tax costs for those years. ISN requested the Court to frame the final judgment consistent with the Decision to include FY1992-2000. The Court then denied ISN's Motion for Summary Judgment, in part, holding that it would not consider ISN's damage claim for FY1992-2000 because ISN had not filed a certified claim for those years under the CDA.

On July 1, 2002, ISN filed a CDA claim for FY1992-2000. Subsequently, when the Contracting Officer did not issue a Final Decision on that claim, ISN filed a Motion to Amend its Complaint in the Case to add its State Tax cost claim for FY1992-2000.

The Court granted ISN's Motion. ISN then filed an Amended Complaint including its damages for FY1992-2000.

## II. ISN's Claim

Part of ISN's damage claim in the Case currently scheduled for trial on November 3, 2003, is its claim for loss of profits on the Contracts due to the disallowance of State Income Tax costs. The amounts of the allowable and agreed profit on the Contracts is directly dependent upon all of ISN's costs incurred on the Contracts, including general and administrative costs which would include State Tax costs. The agreed upon profit margin, for example, 10%, is then calculated against the total costs of a particular contract. Thus, if a particular contract includes State Tax costs, the amount of the profit is proportionately greater. If State Tax cost is disallowed as an allowable cost, then the amount of the profit is proportionately less.

ISN claims that in reviewing each of the Contracts during the period FY1985-2000, it lost profit because State Tax costs were disallowed from its general and administrative cost pool. If the Contract revenue is analyzed based on a cash basis, then ISN's loss of profit claim for FY1985-91 is $1,675,519. If analyzed utilizing the accrual-based claim, the loss of profit is $1,805,225. With respect to FY1992-2000, on a cash basis, the loss of profit claim is $1,073,674. On an accrual-based methodology, the loss of profit claim is $1,063,815.

ISN's total loss of profit claim on the Contracts, utilizing the cash basis is at least $2,749,193. ISN's total claim utilizing the accrual-based methodology is at least $2,869,040.

## III. The Damage Claim In the Case

The loss of profit claim on the Contracts, for FY1985-2000 is currently in the Case before the Court and will be presented at the trial. In an abundance of caution, ISN is submitting this CDA claim in the event the Government argues that the loss of profit claim is not properly before the Court because a CDA claim has not been filed.

All the claimed amounts, currently before the Court include Prompt Payment Act ("PPA") and CDA interest as of the date of this claim letter. ISN claims entitlement to state both PPA and CDA interest on the loss of profit amounts.

ISN asserts that the loss of profit is approximately related to and caused by the disallowance of State Tax costs which has been overruled by the Decision.

IV. Conclusion

Pursuant to the CDA, ISN is requesting that as cognizant CO, you issue a decision in writing and mail or otherwise furnish a copy of the decision to ISN. The decision shall state the reasons for the decision reached, and shall inform ISN of its rights as provided under the CDA. Specific findings of fact are not required, but if made, shall not be binding in any subsequent proceeding.

V. Claim Certification

See attached.

Very sincerely yours,

N H. S.

Norman H. Singer, Esq.

Attachment

NHS/mdt

Claim Certification

I, Roma Malkani, President & CEO of Information Systems & Networks Corporation ("ISN") hereby provide the following Certification as required by 41 U.S.C. § 605 (c)(1)(1994):

1. I am the authorized representative of ISN; I am familiar with ISN's book and records of account and with ISN's State Tax Reimbursement claim for FY1985-2000.

2. I hereby certify that ISN's claim as set forth in its General Counsel's letter of June 11, 2003, to which this Claim Certification is attached is made in good faith; that ISN's supporting data are accurate and complete to the best of my knowledge and belief; that the amounts requested accurately reflects ISN's entitlement to loss of profit on cost reimbursement and time and materials contracts for FY1985-2000 based on the disallowance of State Tax cost in ISN's G&A pool. ISN believes the Government is liable under the Decision of the United States Court of Federal Claims dated November 30, 2000 and as a matter of law for the proximately caused damage to ISN directly connected to the State Tax cost disallowance.

3. I am duly authorized to certify the claim on behalf of ISN.

Under the Penalty of Perjury
Dated: June 11, 2003

R Malkani
Roma Malkani
President & CEO

DEFENSE CONTRACT MANAGEMENT AGENCY
DEFENSE CONTRACT MANAGEMENT AGENCY MARYLAND
217 EAST REDWOOD STREET, SUITE 1800
BALTIMORE, MARYLAND 21202-5299

IN REPLY
REFER TO: DCMAE-GTOK

August 12, 2003

Norman H. Singer, Esq.
Singer & Associates
10411 Motor City Drive, Suite 725
Bethesda, MD 28017

SUBJECT: Information Systems & Networks Corporation ("ISN"); Purported Claim for State Tax Costs for FYs 1985-2000 Based on Negotiated Fixed-Price Contracts

Dear Mr. Singer:

This is in regard to your letter of June 10, 2003 that submitted what was described as a claim for the "state tax costs incurred for fiscal years 1985-2000 . . . based on revenue derived from negotiated fixed price contracts." As described below, I request you provide me with supporting documentation for ISN's alleged claim for "state tax costs" on negotiated fixed-price contracts.

In section III of your claim letter of June 10, 2003, you asserted that DCAA disallowed "the indirect cost rate which included the State Tax cost in [ISN's] negotiated firm fixed-price contract[s]." Apparently, this is the basis for your assertion that ISN is entitled to state tax costs incurred "on revenue derived from negotiated fixed price contracts." I request you provide me specific documentation supporting this assertion for each of the negotiated fixed-price contracts ISN alleges to be a part of its claim for state tax costs.

Also, in section III of your claim letter, you asserted ISN's "cash basis" state tax cost claim is $2,951,001. You then asserted ISN's "accrual based" claim is $4,824,455. Please state the sum-certain amount of ISN's claim that you wish me to consider, and provide me with specific documentation supporting that amount. You also assert amounts for "loss of profit" for both the "cash basis claim" and the "accrual based claim." Please explain whether you are seeking recovery for alleged loss of profit, and, if so, provide the sum-certain amount sought and specific documentation supporting that amount.

Finally, you asserted "all of these claimed amounts include Prompt Payment Act ("PPA") . . . interest as of the date of this claim letter." Please provide me with specific documentation supporting this assertion for entitlement to PPA interest on the contracts

you allege are affected by ISN's claim, including the amounts sought for PPA interest on each contract.

Sincerely,

JOHN H. SVENSSON
Administrative Contracting Officer

DEFENSE CONTRACT MANAGEMENT AGENCY
DEFENSE CONTRACT MANAGEMENT AGENCY MARYLAND
217 EAST REDWOOD STREET, SUITE 1800
BALTIMORE, MARYLAND 21202-5299

IN REPLY
REFER TO: DCMAE-GTOK

August 12, 2003

Norman H. Singer, Esq.
Singer & Associates
10411 Motor City Drive, Suite 725
Bethesda, MD 28017

SUBJECT: Information Systems & Networks Corporation ("ISN"); Purported Loss of Profit Claim

Dear Mr. Singer:

This is in regard to your letter of June 11, 2003 that submitted what was described as a claim for the loss of profit related to state income tax costs incurred by ISN for its fiscal years 1985-2000. As described below, I request you provide me with supporting documentation for ISN's alleged claim for loss of profit.

In your claim letter of June 11, 2003, you asserted, for each of ISN's cost-reimbursement and time-and-materials contracts during its fiscal years 1985 through 2000, there was an agreed-upon "profit margin" that was to be "calculated against the total costs of a particular contract (emphasis in original)." I request you provide me specific documentation supporting this assertion for each of the "particular contracts" ISN alleges to be a part of its claim for increased profit.

In section II of your claim letter, you asserted "ISN's total loss of profit claim . . . utilizing the cash basis is at least $2,749,193." You then asserted "ISN's total claim utilizing the accrual-based methodology is at least $2,869,040." Please state the sum-certain amount of ISN's claim that you wish me to consider, and provide me with specific documentation supporting that amount.

Finally, in section III of your letter, you asserted "ISN claims entitlement to state . . . [Prompt Payment Act] . . . interest on the loss of profit amounts." Please provide me with specific documentation supporting this assertion for each of the contracts you allege is affected by ISN's claim, including the amounts sought for each contract.

Sincerely,

JOHN H. SVENSSON
Administrative Contracting Officer

DEFENSE CONTRACT MANAGEMENT AGENCY
DEFENSE CONTRACT MANAGEMENT AGENCY MARYLAND
217 EAST REDWOOD STREET, SUITE 1800
BALTIMORE, MARYLAND 21202-5299

IN REPLY
REFER TO: DCMAE-GTOK

December 16, 2003

Norman H. Singer, Esq.
Singer & Associates
10411 Motor City Drive, Suite 725
Bethesda, MD 28017

SUBJECT: Information Systems & Networks Corporation ("ISN"); Claims for Increased Costs on Negotiated Fixed-Price Contracts and Loss of Profit

Dear Mr. Singer:

This is in regard to your letter of June 10, 2003 that submitted what was described as a claim for the "state tax costs incurred for fiscal years 1985-2000 . . . based on revenue derived from negotiated fixed price contracts," and your letter of June 11, 2003 that submitted what was described as a claim for the loss of profit related to state income tax costs incurred by ISN for its fiscal years 1985-2000. I will refer to these as the "fixed-price contracts" claim and the "loss of profit" claim respectively.

To review briefly the recent history of these claims, you filed a complaint that referenced both of these claims in the United States Court of Federal Claims on August 21, 2003. That case was assigned No. 03-1962C. On December 4, 2003, you voluntarily dismissed No. 03-1962C without prejudice. On December 8, 2003, you attempted to transmit an "e-mail" to me requesting I issue a final decision on both the fixed-price contracts claim and the loss of profit claim by March 6, 2004. Although I did not receive your e-mail initially because you used an address that had been updated, I did subsequently receive a copy from the "cc" addressee. In response to your request, I will issue a final decision on these claims not later than March 6, 2004. In making this commitment, I wish to confirm your previous assertions that the fixed-price claim and the loss of profit claim are completely independent of ISN's claims that are currently pending before the court in COFC No. 98-663C. If this is incorrect, please inform me immediately.

On August 12, 2003, I sent you letters requesting supporting documentation for ISN's fixed-price contracts and loss of profit claims. Copies of these letters are enclosed for your convenience. So that I can have the benefit of all pertinent information related to these claims in making my decision, I renew my requests contained in the enclosed letters. Particularly important is the identification of the contracts involved in each aspect of the claims. That is, all identifying data related to (1) the contracts upon which ISN alleges it is entitled to additional profit; (2) the contracts upon which ISN alleges it is entitled to interest under the Prompt Payment

Act; and (3) the fixed-price contracts upon which ISN alleges it is entitled to state income tax costs.

Please provide the supporting documentation for ISN's claims as quickly as possible.

Sincerely,

JOHN H. SVENSSON
Administrative Contracting Officer

Enclosure