IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-385C |
| | ) | (Senior Judge Futey) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to RCFC 56, defendant, the United States,, submits the following proposed findings of uncontroverted fact in support of our motion for summary judgment.[1]

1. Information Systems & Networks Corporation ("ISN") currently has pending in this Court a second action, Fed. Cl. No. 98-663C. In that case, ISN, an S corporation, seeks a declaration that state income tax costs of its sole shareholder on passed-through income the shareholder received from the corporation should be included in its General and Administrative ("G&A") cost pool for certain years. The Court's decision on entitlement was issued on November 30, 2000. Information Systems & Networks Corp. v. United States, 48 Fed. Cl. 265 (2000).

2. Prior to the November 2003 damages trial in Fed. Cl. No. 98-663C, ISN filed in that case a Motion in Limine To Allow Evidence On Reimbursement Of State Income Taxes Paid On Income

[1] These proposed findings of fact concern our motion for summary judgment which was filed in the alternative with our motion to dismiss for lack of jurisdiction.

Derived From Plaintiff's Negotiated Fixed-Price Contracts. A 1. ISN requested that the Court allow it to litigate a claim for reimbursement to its sole shareholder of taxes paid on income derived from ISN's negotiated fixed-price contracts. Id. In that motion, ISN asserted that "for purposes of claiming state tax cost reimbursement, the [negotiated] fixed-priced contracts are no different than the cost-reimbursement and time-and-materials contracts." A 1-2.

3. Prior to the trial on damages in Fed. Cl. No. 98-663C, ISN submitted a Motion in Limine to Allow Evidence on Plaintiff's Entitlement to Prompt Payment Act Interest. A 7. The motion sought leave from the Court to present evidence that allegedly would establish that defendant did not pay portions of its invoices related to state income tax costs. Id.

4. Pursuant to a pretrial conference held on May 13, 2003, the Court issued an order dated May 14, 2003, denying ISN's motion to submit evidence on reimbursement of state income taxes paid on income derived from ISN's negotiated fixed-price contracts. A 18. The Court granted ISN's motion to summit evidence on ISN's entitlement to PPA interest. Id.

5. On November 5, 2003, the president and sole shareholder of ISN, Roma Malkani, testified at trial in Fed. Cl. No. 98-663C about ISN's PPA claim. A 20-22. Ms. Malkani testified that the reductions to claimed G&A amounts on the invoices produced by ISN

at the trial were for compensation costs that were being disputed by the Government. Id. Mrs. Malkani testified that her state income tax costs on passed-through income from ISN were included in these compensation costs. A 20.

6. On June 10, 2004, ISN submitted a claim pursuant to the Contract Disputes Act ("CDA") for state tax costs incurred during its fiscal years 1985 through 2000 on revenue derived from negotiated fixed-price contracts. A 23. In that claim, ISN asserted that its entitlement to these costs was identical to its claim under cost-reimbursement and time-and-materials contracts in Fed. Cl. No. 98-663C. A 24.

7. On June 11, 2004, ISN submitted a claim pursuant to the CDA for state tax costs incurred during its fiscal years 1985 through 2000 based on the loss of profit from cost reimbursement and time and materials contracts. A 29. In that claim, ISN asserted that its entitlement to profit on these contracts was directly proportional to its allowable costs on the contracts. A 31.

8. On August 12, 2003, the ACO requested, in two separate letters, that ISN provide supporting documentation for ISN's negotiated fixed-price contract and loss of profit claims. A 34-36. The requests for information included requests for identification of the specific contracts ISN contended were included in its claims. Id.

9. On December 16, 2003, the ACO notified ISN that a decision on the two claims would be issued by March 6, 2004. A 37. In that letter, the ACO also renewed his requests for supporting documentation that were first made on August 12, 2003. Id.

10. On January 20, 2004, ISN submitted a response to the ACO's request for identification of the contracts pertaining to its claims. A 39. Included with that response were computer print outs containing a "total" listing of all of ISN's cost-plus-fixed-fee, time & materials, and fixed-price contracts. A 39-62.

11. On February 2, 2004, the ACO again requested more specific information concerning ISN's claims, including specific contract provisions and invoices upon which it was basing its claims. A 63.

12. By letter dated February 5, 2004, ISN informed the ACO that its claim related to fixed-price contracts was not based upon any specific contract provisions. A 65-66.

13. On March 3, 2004, the ACO issued a final decision denying ISN's claims for increased costs on its negotiated fixed-price contracts and increased profit on its cost-reimbursement and time-and-materials contracts. Complaint Ex. A. The ACO stated that he had no authority to re-price fixed-price contracts

or decide any PPA interest claim that is pending before the Court of Federal Claims. Complaint Ex. A at 2-3.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

July 9, 2004

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on July 9, 2004, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON