*************************************************************
**UNITED STATES COURT OF FEDERAL CLAIMS**

*************************************************************

**04-385C**
**(Judge Block)**

**INFORMATION SYSTEMS & NETWORKS CORPORATION,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

*************************************************************
**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**PROPOSED FINDINGS OF UNCONTROVERTED FACT**
*************************************************************

**Norman H. Singer, Esquire**
**Benjamin M. Kahrl, Esquire (of counsel)**
**Singer & Associates, P.C.**
**10411 Motor City Drive**
**Suite 725**
**Bethesda, Maryland 20817**
**(301) 469-0400**

**Attorneys for Plaintiff**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INFORMATION SYSTEMS & NETWORKS CORPORATION** | : | |
| **Plaintiff** | : | |
| **v.** | : | **Case No. 04-385C** |
| | : | **(Judge Block)** |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT.**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Information Systems and Networks Corporation ("ISN") hereby respectfully submits its response to defendant's proposed findings of fact in support of its motion to dismiss, or in the alternative, motion for summary judgment. This response references the numbered paragraphs in defendant's proposed findings of uncontroverted fact. In response to defendant's proposed findings of uncontroverted fact, ISN states:

1. ISN agrees, and further adds for the purpose of clarification that final judgment was entered in Fed. Cl. No. 98-663C on July 21, 2004. The parties have since cross-appealed the judgment to the Federal Circuit. The appeal by the Government (Fed. Cir. No. 04-5151) and the cross-appeal (Fed. Cir. No. 04-5154) are still pending.

2. ISN agrees.

3. ISN agrees.

4. ISN agrees.

5. ISN agrees that Mrs. Malkani testified on November 5, 2003 in Fed. Cl. No. 98-663C. ISN agrees that a portion of Mrs. Malkani's testimony on that day dealt with ISN's Prompt Payment Act ("PPA") claim in Fed. Cl. No. 98-663C. ISN disagrees with the contention that Mrs. Malkani testified that the reductions to claimed General and Administrative ("G&A") amounts on the invoices produced by ISN at the trial of Fed. Cl. 98-663C were for compensation costs that were being disputed by the Government to the extent such contention suggests that the compensation costs were in dispute on any basis other than the Government's mistaken judgment that state income tax costs were not compensable.

6. ISN disagrees on the basis that it submitted the Contract Disputes Act ("CDA") claim for state tax costs incurred during its fiscal years 1985 through 2000 on revenue derived from negotiated fixed-price contracts on June 10, 2003. ISN further states that the June 10, 2003 CDA claim includes the contention that "there is no difference" between ISN's entitlement to state tax costs on negotiated fixed-price contracts as opposed to the cost-reimbursable and time-and-materials contracts at issue in Fed. Cl. No. 98-663C.

7. ISN disagrees on the basis that it submitted the CDA claim for state tax costs incurred during its fiscal years 1985 through 2000 based on the loss of profit from cost reimbursement and time and materials contracts on June 11, 2003. ISN further states that the June 11, 2003 claim includes the contention that "[t]he amounts of the allowable and agreed profit on the [c]ontracts is directly dependent upon all of ISN's costs incurred on the [c]ontracts, including general and administrative costs which would include [s]tate [t]ax costs."

8. ISN agrees.

9. ISN agrees.

10. ISN agrees, and further states that the computer print outs attached to the January 20, 2004 correspondence set forth the contracts upon which the June 10, 2003 and June 11, 2003 CDA claims were based.

11. ISN agrees.

12. ISN agrees, and further notes that this Court has determined in Fed. Cl. No. 98-663C that the Taxes Provision of the Federal Acquisition Regulation ("FAR"), codified at 48 C.F.R. § 31.205-41, determined that a government contractor organized as a subchapter S corporation is entitled to reimbursement from the Government for costs associated with the payment of state income taxes incurred on income received from contracts with the Government. Therefore, ISN's entitlement to reimbursement is drived from the FAR.

13. ISN agrees that the March 3, 2004 letter constitutes a denial of ISN's June 10, 2003 and June 11, 2003 CDA claims, for the reasons set forth in the March 3, 2004 letter.

Respectfully submitted,

__s/ Norman H. Singer__________________

NORMAN H. SINGER, ESQ.
BENJAMIN M. KAHRL, ESQ. (of counsel)
Singer & Associates, P.C.
10411 Motor City Drive
Suite 725
Bethesda, Maryland 20817
(301) 469-0400

November 12, 2004

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff Information Systems & Networks Corporation's Response to the Defendant's Proposed Findings of Uncontroverted Fact was served on counsel for defendant via email pursuant to electronic filing this 12th day of November, 2004.

_s/ Norman H. Singer_______________
Norman H. Singer, Esq.

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.