NO. 04-385C
(Judge Block)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INFORMATION SYSTEMS &
NETWORKS CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

December 13, 2004

## TABLE OF CONTENTS

**Page**

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT . . . . . . . . . 1

I. Plaintiff's Complaint Should Be Dismissed For Failure To Plead And Prove Jurisdiction . . . . . . 1

II. The Government Is Entitled To Summary Judgment Upon ISN's Claim For Payment Of State Tax Costs Attributable To Its Fixed-Price Contracts . . . . . . . 7

III. The Government Is Entitled To Summary Judgment Upon Plaintiff's Claim For Additional Profit Based Upon Increased Costs . . . . . . . . . . . . . 10

IV. Plaintiff's Claim For Interest Pursuant To The PPA On Disallowed State Tax Costs Recently Was Decided In Favor Of The Government . . . . . . . 13

V. This Case Should Not Be Stayed Pending The Results Of The Parties' Appeals Of Fed Cl. No. 98-663 . . . 16

VI. ISN's Complaint Is Barred By Laches . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**Page(s)**

APWU v. Potter,
343 F.3d 619 (2d Cir. 2003) . . . . . . . . . . . . . . . . 8

Allegheny Teledyne Inc. v. United States,
316 F.3d 1366 (Fed. Cir. 2003) . . . . . . . . . . . . . . 89

Alta Verde Industrial, Inc. v. United States,
18 Cl. Ct. 595 (1989), aff'd, 9
07 F.2d 158 (Fed. Cir. 1990), cert. denied,
498 U.S. 1082 (1991) . . . . . . . . . . . . . . . . . . . 2

Ammex, Inc. v. United States,
384 F.3d 1368 (Fed. Cir. 2004) . . . . . . . . . . . . . . 15

Baker v. General Motors Corp.,
522 U.S. 222 (1998) . . . . . . . . . . . . . . . . . . . 15

Bradley v. Chiron Corp.,
136 F.3d 1317 (Fed. Cir. 1998) . . . . . . . . . . . . . . 3

Briscoe v. LaHue,
663 F.2d 713 (7th Cir. 1981), aff'd,
460 U.S. 325 (1983) . . . . . . . . . . . . . . . . . . . . 3

Farmers Grain Co. of Esmond v. United States,
29 Fed. Cl. 684 (1993) . . . . . . . . . . . . . . . . . . 2

Franchise Tax Board v. Construction Laborers Vacation Trust,
463 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . 3

General Dynamics Corp. v. United States,
218 Ct. Cl. 40,
585 F.2d 457 (1978) . . . . . . . . . . . . . . . . . . . 12

Girling Health System, Inc. v. United States,
949 F.2d 1145 (Fed. Cir. 1991) . . . . . . . . . . . . . . 6

Holley v. United States,
124 F.3d 1462 (Fed.Cir.) . . . . . . . . . . . . . . . . . 3

Information System & Networks Corp. v. United States,
48 Fed. Cl. 265 (2000) . . . . . . . . . . . . . . . . . 6, 9

Khan v. United States,
201 F.3d 1375 (Fed. Cir. 2000) . . . . . . . . . . . . . . 4

**TABLE OF AUTHORITIES (Cont.)**

**Page(s)**

McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . 2

Mients v. United States, 59 Fed. Cl. 665 (2001) . . . . . . . . . . . . . . . . . . . 4-6

Northrop Grumman Corp. v. United States, ___ Fed. Cl. ___, 2004 WL 2677125 . . . . . . . . . . . . . 3

Ralph L. Jones Co., Inc. v. United States, 33 Fed. Cl. 327 (1995) . . . . . . . . . . . . . . . . 11, 13

Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . 2

Silverman v. Eastrich Multiple Investor Fund, 51 F.3d 28 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . 8

Thomson v. Gaskill, 315 U.S. 442 (1942) . . . . . . . . . . . . . . . . . . . . 2

W.R. Cooper General Contractor, Inc. v. United States, 843 F.2d 1362 (Fed. Cir. 1988) . . . . . . . . . . . . . 5, 6

**FEDERAL STATUTES**

48 C.F.R. § 16.202-1 . . . . . . . . . . . . . . . . . . . . 8, 9

48 C.F.R. § 16.301-2 . . . . . . . . . . . . . . . . . . . . 12

48 C.F.R. § 16.306 . . . . . . . . . . . . . . . . . . . . . 12

48 C.F.R. § 31.102 . . . . . . . . . . . . . . . . . . . . . . 9

48 C.F.R. § 42.302 . . . . . . . . . . . . . . . . . . . . . 10

10 U.S.C. § 2306 . . . . . . . . . . . . . . . . . . . . . passim

31 U.S.C. § 3901 . . . . . . . . . . . . . . . . . . . . . . 13

31 U.S.C. § 3907(C) . . . . . . . . . . . . . . . . . . . 13, 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFORMATION SYSTEMS & NETWORKS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-385C (Judge Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pursuant to RCFC 7.1(c), and this Court's order dated November 23, 2004, defendant, the United States, respectfully submits the following reply to plaintiff Information Systems & Networks Corporation's ("ISN") opposition to our motion to dismiss or, in the alternative, motion for summary judgment.

I. Plaintiff's Complaint Should Be Dismissed For Failure To Plead And Prove Jurisdiction

In our motion to dismiss, we established that ISN's complaint failed to allege any specific facts establishing the existence of an express or implied contract concerning any of ISN's claims for state tax costs incurred on negotiated fixed-price contracts (count I), increased profit on contracts for state tax costs (count II), and Prompt Payment Act ("PPA") interest for state tax costs (count III).

In its opposition to our motion to dismiss, ISN argues that it need only allege "a contractual relationship" with the Government to establish jurisdiction pursuant to the Tucker Act. Pl. Br. 11-14. ISN also suggests that the Government has not

challenged "jurisdictional" facts alleged in the complaint. Pl. Br. 12. Plaintiff is incorrect.

Where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442, 446 (1942); accord Farmers Grain Co. of Esmond v. United States, 29 Fed. Cl. 684, 686 (1993) (where motion "challenges the truth of the jurisdictional facts alleged in the complaint . . . the court may consider relevant evidence in order to resolve the factual dispute"). Moreover, where it is clear that a plaintiff has presented the court with an insubstantial claim, the complaint must be dismissed for lack of subject matter jurisdiction. Alta Verde Indus., Inc. v. United States, 18 Cl. Ct. 595, 598 (1989), aff'd, 907 F.2d 158 (Fed. Cir. 1990) (table), cert. denied, 498 U.S. 1082 (1991).

Contrary to ISN's suggestion, we have challenged the jurisdictional facts alleged by ISN as being insufficient to establish jurisdiction here. ISN has failed to carry its burden of establishing jurisdiction in this Court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988). Faced with our jurisdictional challenge, ISN has alleged no specific facts that would establish the existence of a contract with the Government. ISN offers no contract number, no identification of the agency with which it contracted, no elements of a contract, including offer and acceptance,

consideration, and authority. Instead, ISN offers only that it had a "contractual relationship" with the Government. ISN's conclusory allegation of a contractual relationship in response to our motion to dismiss is insufficient to meet its burden of establishing jurisdiction. Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim").

ISN cites RCFC 8(a) as support for its argument that its complaint is sufficient to establish jurisdiction in this Court. ISN is incorrect. In Northrop Grumman Corp. v. United States, ___ Fed. Cl. ___ (Slip Op. Nov. 18, 2004), 2004 WL 2677125, this Court recently observed that while RCFC 8(a) requires that plaintiff need only state in the complaint a short and plain statement of the grounds upon which the court's jurisdiction depends,

> determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed.Cir.), reh'g denied (1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

In its response, ISN seeks to excuse itself for failing to comply with the jurisdictional requirements of the Tucker Act by

suggesting alternative meanings to cases cited in our motion to dismiss that interpret the Tucker Act. For example, ISN selectively quotes the following portion of the Court's decision in Mients v. United States, 59 Fed. Cl. 665 (2001): "to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship . . . that provides a substantive right to money damages." Pl. Br. 11 (quoting 50 Fed. Cl. at 671 (quoting Khan v. United States, 201 F.3d 1375 1377 (Fed. Cir. 2000)). However, the Court made clear that the inquiry does not stop there.

Rather, the Court held that a general allegation that claims are "contractual" in nature is insufficient to establish jurisdiction under the Tucker Act. 50 Fed. Cl. at 671. As we noted in our motion to dismiss, and as ignored by ISN in its brief, the Court explained:

> The complaint does not identify a contract with the Government that permits plaintiff to recover damages. Plaintiff's allegation that his claims are "Contractual," Compl. § 1, ¶ 1, is wholly insufficient to establish jurisdiction under the Tucker Act. If plaintiff intends to predicate Tucker Act jurisdiction on an express or implied contract with the Government, he must allege a specific contract with the Government.

50 Fed. Cl. at 671.[1]

---

[1] ISN suggests a rewriting of the Mients decision in an attempt to render the case inapplicable here. According to ISN, while the Court in Mients stated that plaintiff "must allege a specific contract with the Government," Mients, 59 Fed. Cl. at 671, what the Court really meant (according to ISN), is that a plaintiff must "allege that a binding contract or contracts existed between the parties." Pl. Br. 15 (emphasis in original). ISN's attempt to rewrite the Court's decision in Mients to mean

ISN has failed completely to allege a specific contract with the Government. As such, Mients counsels that ISN's complaint be dismissed for lack of jurisdiction.

ISN suggests, incorrectly, that in support of our motion to dismiss, we cited the Federal Circuit's decision in W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362, 1364 (Fed. Cir. 1988). See Pl. Br. 14 ("The cases cited by the Government do not support its contention that this Court lacks subject matter jurisdiction"). We did not cite W.R. Cooper as support for our argument. Rather, the Court in Mients quoted Cooper, which we then cited at page 14 of our brief. Importantly, however, the portion of the Court's decision in Mients quoting W.R. Cooper was actually distinguishing the W.R. Cooper decision from the facts in Mients.

Indeed, in Mients the Court specifically rejected application of W.R. Cooper under circumstances similar to those at issue here, stating "[t]he court's duty to scour the complaint for 'any possible basis on which the non-movant might prevail,' [W.R. Cooper Gen. Contractor, Inc. v. United States, 843 F.2d 1362, 1364 (Fed. Cir. 1988)], does not mean that the court must adjudicate every possible cause of action that plaintiff might have pleaded." Id. The Court then concluded that in order to "predicate jurisdiction under the Tucker Act on an express or

---

something other than the plain language of the decision should be rejected.

implied contract with the Government, he must allege a specific contract with the Government." Id. This ISN has failed to do.[2]

ISN attempts to distinguish Girling Health Sys., Inc. v. United States, 949 F.2d 1145, 1147 (Fed. Cir. 1991), stating that the decision "merely stands for the proposition that there is no subject matter jurisdiction where the complaint on its face demonstrates that there is no contract." Pl. Br. 16. However, ISN's complaint here does not even meet the Girling standard (as suggested by ISN). ISN's complaint, on its face, fails to allege the existence of a contract. Like the complaint in Girling, ISN provided no specific factual allegations of the existence of a contract. Indeed, all ISN alleged, at bottom, is a "contractual relationship." ISN's failure to allege the specifics of that contractual relationship warrant that its complaint be dismissed for lack of jurisdiction.

ISN also suggests that the same jurisdictional ailment existed in its earlier filed case, Information Sys. & Networks Corp. v. United States, 48 Fed. Cl. 265 (2000), yet the Government did not challenge the Court's jurisdiction in that case. Presumably ISN is arguing that the Government somehow should be estopped from raising a jurisdictional challenge in this case. ISN's argument should be rejected.

---

[2] In its brief, ISN cites the W.R. Cooper case for the proposition that our motion to dismiss should be denied if there is "any possible basis on which [ISN] might prevail." Pl. Br. 12. As Mients demonstrates, there are reasonable limits to the application of this principle.

While we disagree with the factual premise of ISN's argument, such disagreement ultimately is irrelevant. ISN fails to establish that a case, such as the earlier-filed ISN case, could be cited as precedent where the Court, as plaintiff readily admits, did not address the issue. Whether the Government could have raised a similar jurisdictional challenge in another case has no bearing upon whether the Court possesses jurisdiction here. The Court is required to decide the jurisdictional issue as presented in this case, based upon the facts of this case.

## II. The Government Is Entitled To Summary Judgment Upon ISN's Claim For Payment Of State Tax Costs Attributable To Its Fixed-Price Contracts

In our motion for summary judgment, we established that the nature of fixed-price contracts forecloses ISN any recovery here. In response, ISN suggests that the cases cited in our motion are inapplicable because the cases discussed assumption of the risk in fixed-price contracts in the context of claims for unanticipated costs. Pl. Br. 19.[3] According to ISN, plaintiff seeks costs it was aware of at the time it negotiated its fixed-price contracts, but it did not believe were reimbursable under the contract. Id. This purported distinction does not render the cases cited in our motion irrelevant. Indeed, the fact that ISN was aware of the costs at the time it negotiated its fixed-

[3] We note that the heading to argument D of ISN's brief states that its entitlement to payment of state tax amounts on its fixed-price contracts is a "combined issue of law and material fact." Pl. Br. 19. Yet, ISN offers no explanation for this argument in the textual portion of its brief. Pl. Br. 19-21. Indeed, there are no material issues of fact that would prevent summary judgment upon this issue.

price contracts only counsels in favor of finding that ISN assumed the risk that it would not be able to recover these alleged "unreimbursable" costs.

ISN argues also that section 16.202-1 of the Federal Acquisition Regulation ("FAR"), 48 C.F.R. § 16.202-1, is inapplicable to this case. Pl. Br. 19. ISN's argument is both unsupported and incorrect. Section 16.202-1 of the FAR provides no limitations or qualifications of the rule that "[a] firm-fixed-price contract provides for a price that is not subject to any adjustment on the basis of the contractor's cost experience in performing the contract." 48 C.F.R. § 16.202-1. ISN cites no authority for its contention that this section is limited to "dealing with unanticipated costs within the contractor's control." Pl. Br. 19.

ISN's contention also contradicts a basic tenet of regulatory construction that an administrative rule "'should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . .'" APWU v. Potter, 343 F.3d 619, 626 (2d Cir. 2003) (quoting Silverman v. Eastrich Multiple Investor Fund, 51 F.3d 28, 31 (3d Cir. 1995). ISN's argument would place a limitation upon section 16.202-1 that simply does not exist.

The Federal Circuit has recognized that, unless there is a specific contract provision allowing for their recovery, "firm-fixed-price contracts are not adjusted for changes in costs." Allegheny Teledyne Inc. v. United States, 316 F.3d 1366, 1376

(Fed. Cir. 2003) (citing 48 C.F.R. § 16.202-1 (2000)). ISN has not cited any specific contract provisions.[4] Indeed, as discussed above, ISN has not cited any contracts at all, let alone any contract provisions. Thus, ISN is not entitled to the fixed-price contract adjustment it seeks.

Similarly, ISN has not cited any authority for its contention that its failure to include the costs of its shareholder's personal state income taxes in the price of its firm-fixed-price contracts was the result of the Government's failing "to reimburse a cost that has now been held to be reimbursable" and, therefore, was not subject to acquisition regulations. Pl. Br. 21. ISN's argument ignores the rule set forth in FAR § 31.102 that the individual elements of cost involved in negotiating an agreement on the total contract price are irrelevant once that agreement has been reached. 48 C.F.R. § 31.102 ("The final price accepted by the parties reflects agreement only on the total price").

In our motion for summary judgment, we established that the final decision of the administrative contracting officer ("ACO") properly noted that his authority to issue decisions did not extend to the re-pricing of fixed-price contracts. We

---

[4] As noted in our motion to dismiss, ISN expressly admitted that its claim for increased costs is <u>not</u> based upon any contractual provisions. ISN's response to our motion likewise states that the "legal predicate for this case" is the Court's decision in <u>Information Sys. & Networks Corp. v. United States</u>, 48 Fed. Cl. 265 (2000), and nothing else. Pl. Br. 17-18. See also ¶ 12 of Plaintiff's Response To Defendant's Proposed Findings of Uncontroverted Fact ("PRDPFUF") (not disputing fact that ISN's claim is not based upon any contract provisions).

demonstrated that 48 C.F.R. § 42.302 sets forth the contract administration functions that may be delegated by the contracting officer awarding the contract to an administrative contracting officer.

In response, ISN argues that "nothing in 42.302 prohibits the ACO from" repricing contracts. Pl. Br. 20. ISN's argument misses the mark. Section 42.302 is a list of the functions that may be delegated. Because repricing contracts is not one of those functions, it cannot be delegated.

Other functions listed in section 42.302, and identified by ISN in its response, simply do not equate to delegation of the function of repricing contracts. 48 C.F.R. § 42.302(10), (13). Indeed, section 42.302(10), by its own terms, is limited to "matters in which the administrative contracting officer (ACO) has the authority to take definitive action." Repricing fixed-price contracts is not one of those matters.[5]

III. The Government Is Entitled To Summary Judgment Upon Plaintiff's Claim For Additional Profit Based Upon Increased Costs

In our motion for summary judgment, we established that ISN is not entitled to payment of additional profit upon its flexibly-priced contracts because to do so would convert ISN's cost-reimbursement and time and materials contracts into

[5] At pages 20-21 of its brief, ISN responds to our argument that reformation is not available here because any alleged "mistake" was a mistake in judgment. While ISN quibbles with the applicability of certain cases cited in our brief, ultimately, ISN does not dispute that the alleged mistake here involved a "legal judgment" regarding applicability of the FAR. Pl. Br. 21. See also ¶ 5 of PRDPFUF.

cost-plus-a-percentage-of-cost ("CPPC") contracts. The CPPC system of contracting is expressly prohibited by statute. 10 U.S.C. § 2306.

In response, ISN denies that it seeks to apply a CPPC system of contracting in its claim for additional profit on its flexibly-priced contracts. Pl. Br. 21. Instead, ISN argues that "it should be reimbursed the increase in profit because that reimbursement is identical to the reimbursement of state tax costs from the contract under the FAR allowed in Fed. Cl. No. 98-663C." Pl. Br. 22. In reality, ISN is, in fact, seeking to increase its profits in direct proportion to its increase in costs.[6] This is precisely the practice prohibited by 10 U.S.C. § 2306.

This Court considered and rejected a similar claim in Ralph L. Jones Co., Inc. v. United States, 33 Fed. Cl. 327 (1995). In that case, the contractor, a real estate firm that provided construction and management services, sought an equitable adjustment from the Department of Housing and Urban Development ("HUD") on a management agreement consisting of (1) a cost-reimbursement contract for managing renovations to four housing complexes, and (2) a fixed-fee for management of the apartments. A modification to the original agreement was made to add a construction management fee. Later, Jones sought to have the fee

[6] "[I]f a particular contract included state tax costs, the amount of the profit is proportionately greater." Complaint ¶ 18.

increased because the cost of the renovation effort had more than doubled.

The contractor asserted that the construction management fee should be increased proportionally to the increased costs. The court rejected the contractor's argument to increase the amount of the fixed fee portion of the contract, stating that "an increase in the cost of construction does not per se justify an increase in the contractor's fixed fee." 33 Fed. Cl. at 332 (citing General Dynamics Corp. v. United States, 218 Ct. Cl. 40, 56, 585 F.2d 457 (1978)). The court held that "'[a]dding a fee . . . for unexpected costs is not only logically contrary to the "fixed-fee" notion, it is also illegal by reason of the statutory prohibition against cost-plus-a-percentage-of-cost contracting.'" 33 Fed. Cl. at 332 (quoting Salisbury & Dietz, Inc., IBCA No. 2090, 87-3 B.C.A. ¶ 20,107 at 101,822).

ISN also argues that its fees on its cost reimbursement contracts were calculated before the final costs on the contracts were known. Pl. Br. 22. Plaintiff's argument is of no moment. As ISN readily admits, cost reimbursement contracts are only appropriate where it is not possible to estimate total contract costs with sufficient accuracy to utilize any type of fixed-price contract. Pl. Br. 22 (citing 48 C.F.R. § 16.301-2). Indeed, FAR 16.306 provides that the fixed fee negotiated at the inception of the cost plus fixed fee contract does not vary with the actual costs incurred by the contractor. 48 C.F.R. § 16.306.

Here, ISN seeks to add profit to its contracts in direct proportion to its allegedly increased state income tax costs without any change in contract performance. As the Ralph L. Jones Co. case demonstrates, this is not only illogical, it is illegal pursuant to 10 U.S.C. § 2306.

IV. Plaintiff's Claim For Interest Pursuant To The PPA On Disallowed State Tax Costs Recently Was Decided In Favor Of The Government

In our motion to dismiss, or in the alternative, motion for summary judgment, we established that ISN was precluded from bringing its PPA claim here because the same general claim currently was being litigated in Fed. Cl. No. 98-663C. As ISN correctly notes, that claim now has been decided in the Court's unpublished decision on damages. Information Sys. & Networks Corp. v. United States, Fed. Cl. No. 98-663C (Slip Op. July 21, 2004). Pl. A 36.

In its decision, the Court held as follows:

> Plaintiff also asserts it is entitled to interest under the Prompt Payment Act, 31 U.S.C. § 3901, for unpaid amounts of state income tax costs on invoices submitted under the contracts at issue. The statute, however, specifically states that
>
> > this chapter does not require an interest penalty on a payment that is not made because of a dispute between the head of an agency and a business concern over the amount of payment or compliance with the contract.
>
> 31 U.S.C. § 3907(C).
>
> There is no question that the amounts on which plaintiff seeks interest have been in

> dispute. Plaintiff is, therefore not entitled to interest under the PPA.

Pl. A 47.

The "contracts at issue" in that case were cost-reimbursement contracts ISN held during its fiscal years 1985 through 2000. Id. at 2-3 (Pl. A 37-38). With the resolution of this claim by the Court in Fed. Cl. No. 98-663C, the issue no longer is whether this Court is "precluded" from deciding the issue because it is pending in another case. Rather, the issue is whether ISN is estopped from litigating its claim in this action by application of res judicata. Admittedly, judgment is not final as both parties now have appealed the Court's decision in Fed. Cl. No. 98-663, Information Sys. & Networks Corp. v. United States, Fed. Cir. Nos. 04-5151, 04-5154 (appeals docketed September 16, 2004, and September 23, 2004). As such, resolution of any estoppel argument may not yet be ripe for adjudication.

The specific allegation upon which ISN based its claim for PPA interest is that the Government "failed to pay and/withheld [sic] from the portion of the ISN invoice which consisted of state tax cost from the invoice." Complaint ¶ 23. As noted above, the Court now has held that ISN is not entitled to PPA interest for state tax costs as those costs were in dispute at the time the invoices were submitted to the Government. Pl. A 47 (citing 31 U.S.C. § 3907(c)).

Count III of ISN's complaint failed to identify any specific contracts or type of contracts relating to its PPA claim. Complaint ¶¶ 22-26. Rather, ISN refers only to "invoices

submitted by ISN to the defendant during the period FY 1985-2000 applied to contracts for the procurement of property or services." Complaint ¶ 24.

In its response to our motion, ISN states, for the first time, that its PPA claim in this case concerns only fixed-price contracts, not cost reimbursement type contracts. Pl. Br. 24-25. Because the Court now has decided that the state tax costs included in ISN invoices submitted during its fiscal years 1985-2000 were in dispute when they were submitted, once that decision is final, issue preclusion will bar ISN's litigation of that issue in this case.[7]

The decision of the Court in Fed. Cl. No. 98-663C finding the existence of a dispute between ISN and the Government about the allowability of state income tax costs also answers ISN's contention that there are genuine issues of material fact that must be resolved before its PPA claim can be decided. Pl. Br. 25-27. ISN contends those issues of material fact concern the existence of a dispute "regarding payment of ISN's invoices for state tax costs." Pl. Br. 26. Yet, PRDPFUF ¶ 5 readily admits

---

[7] Issue preclusion is applicable when "an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or a different claim." Baker v. Gen. Motors Corp., 522 U.S. 222, 233 n. 5 (1998). Here, the doctrine would apply as (1) the issue decided in the No. 98-663C was identical to the issue in the present case; (2) that issue was actually litigated in the prior proceeding; (3) the court's resolution of that issue was necessary to its resulting judgment; and (4) ISN was afforded a full and fair opportunity to litigate its position. See Ammex, Inc. v. United States, 384 F.3d 1368, 1371 (Fed. Cir. 2004).

that there did, in fact, exist a dispute with the Government "that state tax costs were not compensable." PRDPFUF ¶ 5.

As we have described above, that issue already has been decided in a prior decision of this Court. That finding was such payments were in dispute precludes payment of PPA interest on such invoices. Accordingly, ISN's PPA claim on fixed-price contracts sould be resolved in favor of the Government.

V. This Case Should Not Be Stayed Pending The Results Of The Parties' Appeals Of Fed Cl. No. 98-663

In its brief, ISN raises, for the first time, the issue of whether, in the interest of judicial expediency, proceedings in this matter should be stayed until the Federal Circuit's resolution of the appeal and cross-appeal of Fed. Cl. No. 98-663 in Fed. Cir. Nos. 04-5151 and 04-5154. Pl. Br. 17. For the reasons set forth below, ISN's request to stay this case should be denied.

As discussed above, and as described more fully in our motion to dismiss, ISN has failed to allege any specific contract upon which its complaint is based. As such, ISN has failed to establish that this Court possesses jurisdiction to consider ISN's complaint. This jurisdictional issue is separate and apart from any issues raised in Fed. Cl. No. 98-663. As such, there is no reason to stay proceedings here pending resolution of the parties' cross-appeals in Fed. Cir. Nos. 04-5151 and 04-5154.

Likewise, ISN's claims for (1) state tax costs incurred on negotiated fixed-price contracts (count I) and (2) increased profits (count II) are not dependent upon the outcome of Fed. Cl.

No. 98-663. As established above, and in our motion for summary judgment, defendant is entitled to judgment upon count I of plaintiff's complaint because such costs are not recoverable pursuant to a fixed price contract. ISN has offered no contractual provisions allowing for recovery of such costs and, indeed, there are none. Defendant is entitled to judgment upon count II because ISN seeks to utilize a CPPC system of contracting in violation of 10 U.S.C. § 2306. The question of ISN's entitlement pursuant to counts I and II is ripe for resolution by summary judgment.

As noted, once the judgment in Fed. Cl. No. 98-663C is final, if the Government prevails, ISN's claim for PPA interest set forth in count III will be barred by issue preclusion. However, as noted above, because there exists a fundamental defect in ISN's complaint, the possibility of any effect final judgment in Fed. Cl. No. 98-663C might have upon count III does not justify staying proceedings now. Where the Court lacks jurisdiction to consider a complaint, neither "judicial expediency" or judicial economy would be served by a stay of proceedings.

VI. ISN's Complaint Is Barred By Laches

In our motion for summary judgment, we also established that ISN's complaint is barred by laches. ISN does not deny its "delay" in bringing its claim. Instead, ISN argues that we have failed to establish prejudice. Pl. Br. 27-28. However, ISN's response readily admits the existence of prejudice, noting that,

as the party with the burden of proof, ISN "is more likely to be prejudiced by the delay in compiling evidence for trial." Pl. Br. 28. Certainly, if ISN will be prejudiced in meeting its burden of proof because of its delay, the Government likewise will be prejudiced in attempting to mount its defense. That ISN may believe it to be "more likely prejudiced" than the Government is irrelevant, for it is not the standard utilized in deciding whether a claim is barred by laches. Given that ISN's response recognizes the "likelihood" of prejudice here, its complaint should be dismissed.

## CONCLUSION

For these reasons, and the reasons set forth in our motion to dismiss, or in the alternative, our motion for summary judgment, defendant respectfully requests that the Court grant defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction, or, in the alternative, grant defendant's motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency
Manassas, Virginia

December 13, 2004

CERTIFICATE OF FILING

I hereby certify that on December 13, 2004, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON